1   Jeffrey M. Monhait, AZ Bar No. 038707
    COZEN O'CONNOR
2   1650 Market Street, Suite 2800
    Philadelphia, PA  19103
3   Telephone: (215) 665-2084
    Email:        jmonhait@cozen.com
4

5   Attorneys for Defendants
    GoDaddy Inc. and GoDaddy.com, LLC
6

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF ARIZONA

10
    Prime Loyalty, LLC a New York limited       Case No.: 2:24-cv-03359-JJT
11  liability company, Crisby Studio AB, a
    Swedish limited liability company, and       **DEFENDANTS GODADDY INC.**
12  Niklas Thorin, a Swedish resident,,          **AND GODADDY.COM, LLC'S**
                                                 **MEMORANDUM OF LAW IN**
13              Plaintiffs,                       **SUPPORT OF MOTION FOR**
                                                 **RECONSIDERATION AS TO**
14         v.                                    **CONTRACT CLAIMS AGAINST**
                                                 **GODADDY INC.**
15  GoDaddy, Inc. a Delaware corporation,
    GoDaddy.com, LLC, a Delaware corporation,
16  and 123-Reg Limited, a UK company,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

1    Defendants GoDaddy.com, LLC and GoDaddy Inc. (collectively, "Defendants") move

2 for reconsideration of this Court's July 1, 2025 Order (Doc. 52) granting in part and denying

3 in part Defendants and 123-Reg Limited's ("123-Reg") Motion to Dismiss Plaintiff's

4 Complaint (Docs. 40-41) as to the contract-related claims (Counts VI, VII, and VIII) against

5 GoDaddy Inc., and in support thereof, states as follows:

6 **I.    INTRODUCTION**

7    This Motion does not seek to challenge or seek reconsideration of this Court's legal

8 analysis in its July 1, 2025 Order. *See* Doc. 52. Instead, this Motion seeks only to clarify the

9 resolution of one of the issues addressed in the Court's Order. Specifically, this Court noted

10 that "although all of Plaintiffs' contract claims nominally sound against both GoDaddy

11 entities, it appears undisputed that the contracts only bind GoDaddy[.com], LLC." *See* Doc.

12 52, at 24:26-28. Indeed, this Court declined to dismiss the tort claims against GoDaddy Inc.

13 because "Plaintiffs lack a contractual relationship with GoDaddy[] Inc." *See id.* at 26:9-10.

14 Plaintiffs urged the Court to adopt this position. *See* Doc. 44 at 24:20-22 ("[T]here was no

15 express contract between Plaintiffs and [GoDaddy Inc.]"). Despite this analysis and

16 background, this Court did not dismiss the contract-related claims against GoDaddy Inc. *See*

17 Doc. 52 at 29.

18    This appears to be a minor and easily corrected oversight. To avoid unnecessarily

19 expanding the scope of this case or confusing the issues at later stages of litigation, Defendants

20 respectfully request that this Court grant limited reconsideration on these narrow grounds and

21 amend its July 1, 2025 Order to dismiss Counts VI, VII, and VIII against GoDaddy Inc. based

22 on the reasoning in this Court's July 1, 2025 Order.

23 **II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

24    This Court is familiar with the facts alleged in Plaintiffs' Complaint (Doc. 1) and

25 considered in issuing this Court's July 1, 2025 Order (Doc. 52). Defendants incorporate the

26 relevant factual background from their recent Motion to Dismiss by reference and limit this

27 section to addressing the few facts relevant to this Motion. *See* Doc. 41 at 2:4-5:16.

28

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION AS TO CONTRACT CLAIMS AGAINST GODADDY INC.**

Plaintiffs' Count VI is for a purported breach of the Auctions Membership Agreement ("AMA") attached to Plaintiffs' Complaint. *See* Doc. 1, ¶¶ 94-103; Doc. 1-1, Ex. N. Plaintiffs' Count VII is for a purported breach of the Domain Name Registration Agreement ("DNRA") attached to Plaintiffs' Complaint. *See* Doc. 1, ¶¶ 105-110; Doc. 1-1, Ex. O. Plaintiffs' Count VIII for breach of the implied covenant of good faith and fair dealing is based on the AMA and DNRA. *See* Doc. 1, ¶¶ 112-115. Plaintiffs also accepted and are bound by a third contract—GoDaddy.com, LLC's Universal Terms of Service Agreement ("UTOS")—but Plaintiffs did not allege a breach of the UTOS. *See* Doc. 1, ¶¶ 94-115.

This Court held that, as a matter of law, Plaintiffs accepted the AMA, DNRA, and UTOS and that "the contracts themselves are not void for unconscionability" *in toto*. *See* Doc. 52, at 20:1-22:26.

As this Court observed, "although all of Plaintiffs' contract claims nominally sound against both GoDaddy entities, it appears undisputed that the contracts only bind GoDaddy[.com], LLC." *See id.* at 24:26-28; *see also* Doc. 1, at 21:14-16, 23:11-13, 24:23-25 (headings indicating Plaintiffs asserted contract claims against GoDaddy Inc.). Plaintiffs also averred that "there was no express contract between Plaintiffs and [GoDaddy Inc.]." *See* Doc. 52, at 25:1-2 (quoting Doc. 44 at 24) (alteration in original).

On July 1, 2025, this Court issued an Order granting in part and denying in part Defendants and 123-Reg's Motion to Dismiss. *See* Doc. 52. This Court twice suggested that Plaintiffs had stated no viable contract claim against GoDaddy Inc.—first in noting the contracts only bind GoDaddy.com, LLC, and again when accepting Plaintiffs' arguments that the economic loss rule does not bar Plaintiffs' tort claims against GoDaddy Inc., "[a]s Plaintiffs lack a contractual relationship with GoDaddy Inc." *See* Doc. 52, at 24:26-28, 26:9-10. However, in describing its ruling on the Motion to Dismiss, this Court did not dismiss Counts VI, VII, and VIII as against GoDaddy Inc. *See* Doc. 52, at 29:21-25 ("The residue stands.").

III. **LEGAL STANDARD**

"A motion for reconsideration is appropriate where the district court '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

1    manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Whitehead v.*

2    *Grand Canyon Univ.*, 2024 WL 5500871, at \*1 (D. Ariz. Dec. 10, 2024) (Tuchi, J.) (quoting

3    *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Both this Court's

4    Local Rules and the Ninth Circuit's Rules suggest that reconsideration is warranted when the

5    Court has apparently "overlooked" a legal or factual issue. *See* LRCiv 7.2(g)(1) ("Any such

6    motion [for reconsideration] shall point out with specificity the matters that the movant

7    believes were overlooked or misapprehended by the Court…."); *see also Mi Familia Vota v.*

8    *Fontes*, 111 F.4th 976, 980 (9th Cir. 2024) ("A motion for reconsideration must 'state with

9    particularity the points of law or fact which, in the opinion of the movant, the Court has

10    overlooked or misunderstood.'" (quoting 9th Cir. R. 27-10(a)(3))).

11        On the other hand, reconsideration is not a vehicle to "raise arguments or present

12    evidence for the first time when they could reasonably have been raised earlier in the litigation"

13    or to "repeat any argument previously made in support of or in opposition to a motion."

14    *Whitehead*, 2024 WL 5500871, at \*1 (first quoting *Kona Enters., Inc. v. Estate of Bishop*, 229

15    F.3d 877, 890 (9th Cir. 2000); and then citing *Motorola, Inc. v. J.B. Rodgers Mech.*

16    *Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003)).

17    **IV.    ARGUMENT**

18        This Motion seeks limited reconsideration on narrow grounds. While this Court noted

19    in the July 1, 2025 Order that "Plaintiffs lack a contractual relationship with GoDaddy Inc.,"[1]

20    *see* Doc. 52, at 26:9-10; *id.* at 24:26-28, the contract-related counts (Counts VI, VII, and VIII)

21    against GoDaddy Inc. were inadvertently not dismissed. *See* Doc. 52, at 29:21-25.

22        Defendants respectfully submit that this was clear error. Defendants and 123-Reg

23    argued in the Motion that Plaintiffs had failed to allege "any purportedly breached contractual

24

---

25    [1] Certain provisions of the AMA, DNRA, and UTOS nevertheless inure to GoDaddy Inc.'s
benefit and provide a complete or partial defense against Plaintiffs' remaining claims against

26    GoDaddy Inc. based on the relevant contractual terms. Defendants expressly reserve and do
not waive such defenses, but the fact that a non-party to a contract may be benefitted by its

27    provisions does not allow the contract to be enforced *against* the non-party. *See, e.g.*, *Frank*
*Lloyd Wright Found. v. Kroeter*, 697 F. Supp. 2d 1118, 1125 (D. Ariz. 2010) (breach of

28    contract claim requires "the existence of a contract between the plaintiff and defendant").

1    provision" as to any defendant, including GoDaddy Inc. *See* Doc. 41 at 24:2-22; *see also id.*

2    at 26 n.5 ("Plaintiffs did not, and cannot, allege that … GoDaddy Inc. made any promise to

3    Plaintiffs…."). Consistent with this, in their Opposition, Plaintiffs affirmatively argued they

4    had no contract with GoDaddy Inc. to avoid a dismissal of their tort claims against GoDaddy

5    Inc. *See* Doc. 44 at 24:20-22 ("[T]he economic loss rule cannot apply to any of the tort claims

6    asserted against … GoDaddy Inc. …, since there was no express contract between Plaintiffs

7    and [GoDaddy Inc.]"). And, because the Parties agreed on this issue, it did not come up in

8    Defendants and 123-Reg's Reply. Reconsideration is warranted to correct the minor oversight

9    of an uncontested issue.

10           Reconsideration also serves the interests of judicial economy. Absent reconsideration

11    regarding the contract-related claims brought against GoDaddy Inc., GoDaddy Inc. would be

12    required to move for judgment on the pleadings as to those claims. *See* Fed. R. Civ. P.

13    12(h)(2)(B) (motion for judgment on the pleadings may be used to raise failure to state a

14    claim); *see also* Fed. R. Civ. P. 12(g)(2) (such a motion is an exception to the general rule

15    against successive Rule 12 motions). This would result in unnecessary delay and cost to all

16    Parties and a loss of this Court's valuable judicial time resolving an apparently undisputed

17    matter.

18           Finally, Plaintiffs are judicially estopped from pursuing contract-related claims against

19    GoDaddy Inc. after successfully arguing to this Court that no contract between Plaintiffs and

20    GoDaddy Inc. existed. *See* Doc. 44 at 24:20-22 ("[T]here was no express contract between

21    Plaintiffs and [GoDaddy Inc.]"). "[W]here a party assumes a certain position in a legal

22    proceeding, and succeeds in maintaining that position, he may not thereafter, simply because

23    his interests have changed, assume a contrary position, especially if it be to the prejudice of

24    the party who has acquiesced in the position formerly taken by him." *New Hampshire v.*

25    *Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895))

26    (alteration in original). This Court should consider "three non-exclusive factors" in deciding

27    whether judicial estoppel applies: "(1) 'a party's later position must be "clearly inconsistent"

28    with its earlier position'; (2) 'the party has succeeded in persuading a court to accept that

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR RECONSIDERATION AS TO CONTRACT CLAIMS AGAINST GODADDY INC.**

1    party's earlier position, so that judicial acceptance of an inconsistent position in a later

2    proceeding would create "the perception that either the first or the second court was misled"';

3    and (3) 'the party seeking to assert an inconsistent position would derive an unfair advantage

4    or impose an unfair detriment on the opposing party if not estopped.'" *United States v.*

5    *Paulson*, 68 F.4th 528, 547 (9th Cir. 2023) (quoting *New Hampshire v. Maine*, 532 U.S. at

6    750-51).

7          Here, all three factors plainly apply. Plaintiffs succeeded in convincing this Court that,

8    because no express contract exists between Plaintiffs and GoDaddy Inc., the economic loss

9    rule does not bar Plaintiffs' tort claims against GoDaddy Inc. *See* Doc. 44 at 24:20-22; Doc.

10   52, at 24:26-28, 26:9-10. It would be clearly inconsistent with this position for Plaintiffs to

11   reverse course and argue that, in fact, an express contract *does* exist between Plaintiffs and

12   GoDaddy Inc. And, allowing Plaintiffs to do so would give them an unfair advantage in being

13   permitted to pursue both contract and tort claims against GoDaddy Inc., despite the economic

14   loss rule.[2]

15   **V.    CONCLUSION**

16         This Motion merely seeks to effectuate this Court's analysis in the July 1, 2025 Order,

17   in which the Court held—at Plaintiffs' urging—that there is no contract between Plaintiffs and

18   GoDaddy Inc. Accordingly, Plaintiffs cannot pursue contract-related claims against GoDaddy

19   Inc., and such claims should be dismissed. Defendants respectfully request that this Court grant

20   limited reconsideration on these narrow grounds and amend its July 1, 2025 Order to dismiss

21   Counts VI, VII, and VIII against GoDaddy Inc.

22

23

24

25

26   _____

27   [2] As required by LRCiv 7.2(g)(1), Defendants note that the judicial estoppel issue is "being
     brought to the Court's attention for the first time" in this Motion because it did not apply until
28   this Court issued its July 1, 2025 Order. Until then, Plaintiffs had not "succeeded in persuading
     a court to accept [their] earlier position." *Paulson*, 68 F.4th at 547 (citation omitted).

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR RECONSIDERATION AS TO CONTRACT CLAIMS AGAINST GODADDY INC.**

Dated:  July 15, 2025

**COZEN O'CONNOR**
Jeffrey M. Monhait


By:  */s/Jeffrey M. Monhait*
        Jeffrey M. Monhait

Attorneys for Defendants
GoDaddy Inc. and GoDaddy.com, LLC

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR RECONSIDERATION AS TO CONTRACT CLAIMS AGAINST GODADDY INC.**

1

## CERTIFICATE OF SERVICE

2      The undersigned hereby certifies, under penalty of perjury under the laws of the State

3  of Arizona that I electronically filed the foregoing document with the Clerk of the Court using

4  the CM/ECF system which will send notification of such filing to the following:

5

6  Jeffrey J. Neuman                              Isacc S. Crum
   JJN SOLUTIONS, LLC                             MESSNER REEVES LLP
7  9445 Brenner Ct.                               7250 N. 16th St., Suite 410
   Vienna, VA 22180                               Phoenix, AZ 85020
8  (202) 549-5079                                 (602) 457-5059
   jeff@jjnsolutions.com                          icrum@messner.com
9

10 Counsel for Plaintiffs                         Counsel for Plaintiffs

11
        SIGNED AND DATED this 15th day of July, 2025 at Philadelphia, Pennsylvania.
12

13                              COZEN O'CONNOR

14
                                By:   _/s/ Jeffrey M. Monhait_____
15                                    Jeffrey M. Monhait

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR RECONSIDERATION AS TO CONTRACT CLAIMS AGAINST GODADDY INC.**