# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prime Loyalty LLC, *et al.*, | No. CV-24-03359-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| GoDaddy Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendants' Motion for Reconsideration (Doc. 55), which seeks a limited clarification of the Court's prior Order (Doc. 52). Plaintiffs brought several contract claims against GoDaddy, Inc., thereby implying that a contract exists between Plaintiffs and GoDaddy, Inc. However, Plaintiffs also implied, and indeed stated explicitly, that "there is no express contract" between Plaintiffs and GoDaddy, Inc. Rather than attempt to resolve that inconsistency, the Court noted that it "appears" that no contract exists between Plaintiffs and GoDaddy, Inc. Defendants, in the instant motion, simply question why the Court did not dismiss the contract claims against GoDaddy, Inc. if it appears that there is no contract undergirding those claims. (*See* Doc. 55 at 1 ("This Motion does not seek to challenge or seek reconsideration of any of this Court's legal analysis in its July 1, 2025 Order. Instead, this Motion seeks only to clarify the resolution of one of the issues addressed in the Court's Order.").)

. . .

1 The answer to Defendants' question is that the Court cannot say for certain whether such a contract exists. This confusion is due to Plaintiffs' inconsistent assertions. Thus, the Court will request that Plaintiffs clarify this matter. *See* LRCiv 7.2(g)(2). It may be the case that that there exists some dubious contract between Plaintiffs and GoDaddy, Inc. such that Plaintiffs have chosen to plead contract and tort claims in the alternative. *See* Fed. R. Civ. P. 8(d)(3). If that be the case, Plaintiffs should say so clearly. If, on the other hand, the parties can agree at this juncture whether there is or is not a contract between Plaintiffs and GoDaddy, Inc., they should do so, as such cooperation would simplify discovery and serve the interest of speedy litigation.

**IT IS THEREFORE ORDERED** directing Plaintiffs to file a short responsive memorandum to Defendants' Motion for Reconsideration (Doc. 55) no later than **July 22, 2025**.

Dated this 15th day of July, 2025.

_____
Honorable John J. Tuchi
United States District Judge