Jeffrey J. Neuman (Admitted *pro hac vice*)
Jeff@jjnsolutions.com
JJN Solutions, LLC
9445 Brenner Ct.
Vienna, VA 22180
Telephone: (202) 549-5079

Isaac S. Crum #926519
icrum@messner.com
MESSNER REEVES LLP
7250 N. 16th St. Ste 410
Phoenix, Arizona 85020
Telephone: (602) 457-5059
Facsimile:  (303) 623-0552

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prime Loyalty, a New York limited liability company, Crisby Studio AB, a Swedish limited liability company,  and Niklas Thorin, a Swedish citizen | Case No. 2:24-cv-03359-JJT |
| Plaintiffs, | |
| v. | **PLAINTIFFS PRIME LOYALTY, LLC, CRISBY STUDIO AB AND NIKLAS THORIN'S RESPONSE TO DFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S MOTION FOR RECONSIDERATION AS TO CONTRACT CLAIMS AGAINST GODADDY INC.** |
| GoDaddy, Inc., a Delaware corporation, GoDaddy.com, LLC, a Delaware corporation, and 123-Reg Limited, a UK company, | |
| Defendants. | |

Plaintiffs Prime Loyalty, LLC ("Prime"), Crisby Studio AB ("Crisby"), and Niklas Thorin ("Thorin") (collectively, "Plaintiffs") submit this Response to Defendants GoDaddy Inc., and GoDaddy.com, LLC'S (collectively, "Defendants") Motion for Reconsideration (Doc. 55; "Motion") as ordered by the Court in its July 15 , 2025 Order (Doc. 57; "July 15 Order").

## I.     INTRODUCTION AND BACKGROUND

Defendants seek clarification of the Court's July 1, 2025  (Doc. 52; "July 1 Order") regarding the impact of that July 1 Order on Plaintiffs' contractual claims against Defendant GoDaddy, Inc.  As set forth in the Complaint, senior personnel within Godaddy, Inc.'s CEO Team were directly involved in the unauthorized reclamation of Plaintiffs' domain names. (*See* Doc. 1 at ¶¶ 50, 51, 56, 58-61, 67, and 131-135). Moreover, the technological infrastructure owned and operated by GoDaddy, Inc. was used in providing the services at issue in this litigation (*See* Doc. 1 at ¶¶ 6, 10, 27, 29, 32, 34, and 101).  That being said, Plaintiffs' admit that the Court found in its July 1 Order that none of the agreements at issues in this action – the Universal Term of Service ("UTOS"), the Domain Name Registration Agreement ("DNRA"), and the Auction Membership Agreement ("AMA") – expressly identify GoDaddy Inc. as a party.[1]

## III     ARGUMENT

### 1.     Acknowledgment of Court's Findings and Current Facts

Plaintiffs recognize and do not dispute the Court's determination that, based on the facts currently available, there appears to be no express contractual relationship between Plaintiffs and GoDaddy, Inc.  As the Court observed, "Plaintiffs lack a contractual relationship with GoDaddy, Inc.," and therefore "the economic loss doctrine does not bar the claims against it." (Doc. 52).   Accordingly, the Court permitted the continuation of

---

[1] *See* Universal Terms of Service ("UTOS")(Doc. 24-1, Ex. A) § 1; Domain Name Registration Agreement ("DNRA")(Doc. 24-2, Ex. B) § 1 (agreement is between the registrant and GoDaddy.com, LLC); Auction Membership Agreement ("AMA") (Doc. 1-1, Ex. N) § 1 (agreement made "by and between GoDaddy.com, LLC" and the end user).

Plaintiffs' claims against GoDaddy Inc. with the exception of gross negligence (Claim II), estoppel (Claim V), and injunctive relief (Claim XII).

Plaintiffs agree that dismissal of their contractual claims against GoDaddy Inc. is consistent with the currently-known facts and the Court's findings in the July 1 Order. Plaintiffs, however, expressly reserve the right to seek leave to amend their claims should discovery reveal facts establishing GoDaddy Inc.'s further involvement in or benefit from the contractual arrangements at issue.[2]

### 2.  Preservation of Rights

Plaintiffs respectfully decline to voluntarily dismiss the contractual claims against GoDaddy Inc.  A voluntary dismissal may result in substantial prejudice by precluding Plaintiffs from appealing the Court's adverse rulings on related issues. In light of these considerations, Plaintiffs request that any dismissal of claims be effectuated by judicial order to preserve all appellate rights.

## IV.  RESERVATION OF RIGHTS

Plaintiffs specifically preserve their right to challenge Defendants' assertion that "[c]ertain provisions of the AMA, DNRA, and UTOS nevertheless inure to GoDaddy Inc.'s benefit and provide a complete or partial defense against Plaintiffs' remaining claims." (Doc. 56 at 3 n.1.) Defendants have repeatedly represented that GoDaddy Inc. is not a party to any of these agreements and lacks involvement in the events giving rise to this litigation. (*See* Doc. 41 at 1–2.)

---

[2] Plaintiffs respectfully disagree with Defendants' assertion that they are judicially estopped from asserting contract-based claims against GoDaddy Inc. in the future. Should discovery reveal facts indicating the existence of a contractual relationship between Plaintiffs and GoDaddy Inc., Plaintiffs should be permitted to seek leave to amend their complaint pursuant to Fed. R. Civ. P. 15 and LRCiv 15.1. At that time, Defendants would be free to raise any defenses they deem appropriate, including those based on the economic loss doctrine. However, it would be premature and improper for the Court to conclude at this stage—prior to discovery—that Plaintiffs are forever barred from asserting any contractual claims against GoDaddy Inc., regardless of what evidence may subsequently come to light.

Specifically, Defendants have asserted that:

- GoDaddy Inc. "had no involvement in the underlying allegations" (Doc. 41 at 1);

- GoDaddy Inc. "is not a registrar" (*id*. at 2); and

- GoDaddy Inc. is merely "the sole member of GoDaddy's corporate grandparent" (*id*.).

Accordingly, GoDaddy Inc. has represented to this Court that it is not an express party to the UTOS, DNRA, or AMA and would be, at most, a third party to those contracts. None of the governing agreements contains a clause conferring third-party beneficiary rights. In fact, none of these agreements appear to mention GoDaddy Inc. at all.  Nor do any provisions reference any parents (or the sole member of the corporate grandparent) of the named parties. Rather, each of these agreements specifically disclaim all third-party beneficiaries. *See* UTOS, Doc. 24-1, Ex. A, § 26; DNRA, Doc. 24-2, Ex. B, § 1; and AMA, Doc. 1-1, Ex. N, § 1.

In the Ninth Circuit, neither a parent nor the "sole member of the corporate grandparent" acquires any rights or third-party beneficiary status merely by virtue of corporate affiliation unless the agreement expressly confers such rights. Arizona law similarly requires that any intent to benefit a third party be "evident in the contract itself" and that the benefit be "intentional and direct." *Nahom v. Blue Cross & Blue Shield of Ariz., Inc.*, 180 Ariz. 548, 551–53, 885 P.2d 1113, 1116–18 (App. 1994). Further, Arizona courts give substantial weight to contractual provisions that disclaim third-party beneficiaries. See *Brock Family P'ship, LLP v. Tellurian Dev. Co.*, No. 1 CA-CV 21-0419, 2022 WL 678040, at *3–4 (Ariz. Ct. App. Mar. 8, 2022).

**V. CONCLUSION**

Plaintiffs do not seek dismissal of their contractual claims against GoDaddy Inc. but acknowledge the Court's prior finding that no express contract existed between Plaintiffs and that entity. If the Court is inclined to dismiss those claims, Plaintiffs respectfully request that such dismissal be effectuated by judicial order rather than voluntary dismissal, in order to preserve Plaintiffs' appellate rights and avoid any unintended prejudice. Plaintiffs further object to any assertion that GoDaddy Inc. may invoke contractual

defenses under the UTOS, DNRA, or AMA, as it is not a party to those agreements and no provision confers third-party beneficiary status.

DATED:  July 22, 2025,

/s/ Isaac S. Crum
Isaac S. Crum, #026510
icrum@messner.com
MESSNER REEVES LLP
7250 N. 16th St. Ste 410
Phoenix, Arizona 85020
Telephone: (602) 457-5059
Facsimile: (303) 623-0552

Jeffrey J. Neuman (*admitted pro hac vice*)
Jeff@jjnsolutions.com
JJN Solutions, LLC
9445 Brenner Ct.
Vienna, VA 22180

*Attorneys for Plaintiffs*