Jeffrey J. Neuman (*pro hac vice*)
Jeff@jjnsolutions.com
JJN Solutions, LLC
9445 Brenner Ct.
Vienna, VA 22180
Telephone: (202) 549-5079

Isaac S. Crum, #026510
icrum@messner.com
MESSNER REEVES LLP
7250 N. 16th St. Ste 410
Phoenix, Arizona 85020
Telephone: (602) 457-5059
Facsimile: (303) 623-0552

*Attorneys for Prime Loyalty, Crisby Studio AB, and Niklas Thorin*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prune Loyalty, LLC, a New York limited liability company, Crisby Studio AB, a Swedish limited company, and Niklas Thorin, a Swedish resident<br><br>Plaintiffs,<br><br>v.<br><br>GoDaddy, Inc., a Delaware corporation, GoDaddy.com, LLC, a Delaware corporation, and 123-Reg Limited, a UK company,<br><br>Defendants. | Case No. 2:24-cv-03359-JJT<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' GODADDY, INC. AND GODADDY.COM, LLC'S AFFIRMATIVE DEFENSES** |

Plaintiffs Prime Loyalty, LLC ("Prime"), Crisby Studio AB, and Niklas Thorin ("Crisby")(collectively the "Plaintiffs"), by and through their attorneys, respectfully move this Court pursuant to Fed. R. Civ.P. 12(f) and LRCiv 7.2(m)(1) to strike certain affirmative defenses set forth in Defendants GoDaddy Inc. and GoDaddy.com, LLC's Answer to Complaint (Doc. 63), on the grounds that they are legally insufficient, impermissibly vague, conclusory, and fail to provide the factual support required under federal pleading standards. In addition, Defendants improperly group multiple parties together without identifying which Defendant asserts which defense, denying Plaintiff fair notice and the opportunity to respond.

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(f), this Court is empowered to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although motions to strike are generally disfavored, they are appropriate where a defense is legally insufficient, devoid of factual support, or so vague that it fails to provide fair notice. This motion seeks to strike several affirmative defenses that fall precisely within these parameters.

## LEGAL STANDARD

Affirmative defenses may be stricken when they are vague or fail to provide sufficient detail, as such deficiencies violate the requirement to give "fair notice" to the opposing party. Rule 8(c) of the Federal Rules of Civil Procedure mandates that affirmative defenses must be articulated in a manner that provides fair notice of their nature and grounds. Courts in the District of Arizona have consistently applied this standard, striking defenses that are insufficiently pled or fail to meet this requirement.

Under Rule 8(c), a defendant must "state any avoidance or affirmative defense" in their answer to a complaint. The Ninth Circuit has interpreted this to mean that affirmative defenses must provide "fair notice" to the plaintiff of the defense. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010)(*citing Wyshak v. City Nat'l Bank*, 607 F.2d 824,

1

827 (9th Cir.1979); *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

Courts in the District of Arizona have struck affirmative defenses that fail to meet the fair notice standard. In *Major v. Bossard Incorporated*, 2021 WL 2566984, No. CV-20-00530-TUC-JCH (March 12, 2021), the court struck an affirmative defense that failed to provide sufficient factual allegations, noting that the lack of detail left the plaintiff at risk of being surprised later in the case. Similarly, in *Federal Trade Commission v. Grand Canyon Education Incorporated*, 2025 WL 721721, No. CV-23-02711-PHX-DWL (March 6, 2025), the court struck an affirmative defense that was facially invalid and unsupported, reasoning that allowing such a defense to remain would serve no purpose and could cause unnecessary complications.

Affirmative defenses that are vague or lack specificity may also be stricken to prevent prejudice to the plaintiff. In *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, 2024 WL 4817651, No. CV-22-00472-TUC-RM (Nov. 18, 2024), the court struck affirmative defenses that failed to provide fair notice of the grounds for the defense, as they were deemed insufficiently pled. Finally, Defenses that "are mere recitations of legal doctrines devoid of any factual allegations fail to provide fair notice" to Plaintiffs. *Rosen v. Masterpiece Mktg. Group, LLC*, 222 F. Supp. 3d 793, 805 (C.D. Cal. 2016).

The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispending with those issues prior to trial[.]" *Craten v. Foster Poultry Farms Inc.*, CV-15-02587-PHX-DLR, 2016 WL 3457899, at *1 (D. Ariz. June 24, 2016)(quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

**ARGUMENT**

Defendants' First (Estoppel/Waiver/Ratification), Fourth (Mutual Mistake of Fact), Fifth (Failure to Mitigate Damages), Sixth (Intervening of Superseding Cause), Seventh (Comparative or Contributory Fault), Eighth (Accord and Satisfaction), Ninth (Failure to Join Necessary and/or Indispensable Parties), and Eleventh (Unclean Hands) Affirmative

2

Defenses must be stricken as they are made without any factual support in the Answer and are legally insufficient to place Plaintiffs on fair notice of what is being pled by the Defendants.

### A. Defendants' First Affirmative Defense (Estoppel, Waiver, Ratification) is legally and factually insufficient to provide Plaintiffs' with fair notice.

Defendant alleges that Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and/or waiver and/or ratification. *See* Doc. 63 at p. 30 (Lines 15-16). Defendant fails to set forth any facts supporting these defenses and therefore must be stricken. *See Major,* , 2021 WL 2566984, at *3 (striking affirmative defenses of laches, waiver and estoppel where fair notice is absent); *Estados Unidos Mexicanos*, 2024 WL 4817651, at *5 (striking affirmative defense of Estoppel; *Federal Trade Com'n*, No. CV-12-0914-PHX-DGC, 2012 WL 5034967, at *2 (citing *Desert European Motorcars, LTD v. Desert European Motorcars, Inc.*, No. 11-cv-197-RSWL, 2011 WL 3809933, at *2-4 (C.D. Cal. Aug. 25, 2011) (striking affirmative defenses of estoppel, waiver, and laches for failure to state any facts that provide fair notice).

### B. Defendants' Fourth Affirmative Defense (Mutual Mistake) is legally and factually insufficient to provide Plaintiffs with fair notice.

Defendant alleges that Plaintiffs' claims are barred in whole or in part because "Plaintiffs' purchases of the registrations for the domain names calor.com and/or butane.com were based on a mutual mistake." *See* Doc. 63 at 31 (lines 3-5). Though it goes on to state that they deny any mutual mistake, it never indicates what Defendant believes was the mistake committed by either of the Plaintiffs.

### C. Defendants' Fifth Affirmative Defense (Failure to Mitigate) is legally and factually insufficient to provide Plaintiffs with fair notice

The Fifth Affirmative Defense is "Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to take actions to mitigate their damages." (Doc 63 at 30, lines

3

11-12. Similar to *Major v. Bossard Inc.*, where the District Court in Arizona struck down the affirmative defense of "failure to mitigate", the defendant here fails to provide any explanation whatsoever for the assertion of its affirmative defense. 2021 WL 2566984, at *3. A similar result was obtained in *Fed. Trade Comm'n v. North American Marketing and Associates*, LLC, 2012 WL 5034967, No. CV-12-0914-PHX-DGC at *4, where it struck the affirmative defense of failure to mitigate where the defendant failed to provide at least some explanation for its defense. In doing so, the Court distinguished the case of *Murphy v. Trader Joe's*, 16-CV-02222-SI, 2017 WL 235193 (N.D. Cal. Jan. 19, 2017), where that court held that the defendant plausibly stated a failure to mitigate defense because the defendant alleged that the plaintiff was offered a similar job closer to his home and he turned it down. *Murphy*, 2017 WL 235193, at *2. Here, like in *Major* and *Fed. Trade Comm'n.*, Defendants have failed to plead any failure to mitigate.

### D. Defendants' Sixth Affirmative Defense (Intervening or Superseding Cause) is legally and factually insufficient to provide Plaintiffs with fair notice

Defendants' assert that Plaintiffs' claims are barred in whole or in part because someone other than Defendants caused the alleged harm suffered by Plaintiffs. *Id.* at 31 (Lines 14-16). Defendants provide no other information or facts but rely exclusively on this legal conclusion. They provide no information on who caused the alleged harm, or how the harm was caused. In short, this affirmative defense is merely a list of legal "buzzwords" such as "negligence", "actions", and "comparative fault" without alleging any facts to support the allegations.

### E. Defendants' Seventh Affirmative Defense (Comparative or Contributory Fault) is legally and factually insufficient to provide Plaintiffs with fair notice

Defendants assert "Plaintiffs' claims are barred in whole or in part due to their own negligence, actions, or inactions, or the comparative fault of others." *Id.* at 31 (lines

4

17-20). This is the entirety of the affirmative defense. There are no facts alleged by Defendant explaining how the Plaintiffs were negligent, what actions (or inactions) were taken by the Plaintiffs. Moreover the reference to "others" is overbroad and non-specific, offering no clue as to who is being blamed or for what conduct. Finally, to the extent that Defendant GoDaddy is attempting to use this to defend their breach of contract, this defense is inapplicable as a matter of law and should be stricken on that basis alone.

  **F.** *Defendants' Eighth Affirmative Defense (Accord and Satisfaction) is legally and factually insufficient and unsupported and fail to provide Plaintiffs with fair notice*

Defendants allege without any evidence or supporting documentation that Plaintiffs accepted and purchased additional services using "in store credit to fully and finally resolve any dispute regarding the conduct of which Plaintiffs now Complain." Defendants provide no further information at all to back up these conclusions which are on their face patently false.

  **G.** *Defendants' Ninth Affirmative Defense (Failure to Join Necessary and/or Indispensable parties) is factually insufficient, fails to provide notice under pleadings standards, and fails to meet the requirements of Rule 19.*

Federal Rule of Civ.P. 19(c) explicitly requires a party asserting a claim for relief to state the name of any person required to be joined if feasible but not joined, ***along with the reasons*** for nonjoinder. This provision ensures that the court and opposing parties understand the basis for the claim that the absent party is indispensable. The rule applies equally to affirmative defenses raised under Rule 12(b)(7) for failure to join an indispensable party.

Other than declaring that the current/former registrant(s) and Reg-123 are "necessary and/or indispensable" parties (even though it arguably made arguments otherwise to the Court), it fails to explain how or why these parties are necessary despite this being the Defendants burden. Rather, it merely concludes that Plaintiffs claims must

5

be dismissed. Although Courts allow Defendants to make this assertion in answer as opposed to a formal 12(b)(7) motion, the information that must be provided when raising such an affirmative defense is the same.

### H.  *Defendants' Eleventh Affirmative (Unclean Hands) Defense is legally, factually insufficient and fail to provide Plaintiffs with fair notice.*

Defendant allege, "Plaintiffs' claims are barred in whole or in part because Plaintiffs have unclean hands." The statement merely names the defense without alleging any facts to support it – i.e., what conduct by Plaintiffs constitutes "unclean hands." Plaintiffs are left with no idea *what conduct* that defendant is referencing. *See Estados Unidos Mexicanos,* 2024 WL 4817651, at *5 (striking affirmative defense of unclean hands). Defendants' allegation is conclusory in nature, lacks factual basis and overall fails to provide notice of the factual grounds on which it relies. As such, this affirmative defense may prejudice Plaintiff by expanding discovery into vague or irrelevant areas.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court strike Defendants' affirmative defenses as outlined above. These defenses are legally insufficient, lack the requisite factual support, and fail to provide Plaintiffs with the fair notice required under the Federal Rules of Civil Procedure. Striking these defenses will prevent unnecessary litigation over spurious issues and ensure that the proceedings focus on the substantive matters at hand.

DATED: August 26, 2025,

                                   */s/ Isaac S. Crum*
                                   Isaac S. Crum, #026510
                                   icrum@messner.com
                                   MESSNER REEVES LLP
                                   7250 N. 16th St. Ste 410

Phoenix, Arizona 85020
Telephone: (602) 457-5059
Facsimile: (303) 623-0552

Jeffrey J. Neuman (*admitted pro hac vice*)
Jeff@jjnsolutions.com
JJN Solutions, LLC
9445 Brenner Ct.
Vienna, VA 22180

*Attorneys for Crisby Studio AB, and Niklas Thorin*

## Certificate of Conferral

Out of an abundance of caution, and although motions to strike are not expressly referenced in Local Rule 12.1(c), Plaintiffs Prime Loyalty, LLC, Crisby Studio AB, and Niklas Thorin (collectively, "Plaintiffs"), by and through counsel, certify that, prior to filing their Motion to Strike Defendants Affirmative Defenses, Plaintiffs notified Defendants GoDaddy, Inc. and GoDaddy.com, LLC ("Defendants") of the issues asserted in the motion by email. The parties were unable to reach an agreement that any portion of the first, fourth, fifth, sixth, seventh, eighth, ninth or eleventh affirmative defenses set forth in Defendants' answer was curable in any part.

DATED:  August 26, 2025,

                                          */s/ Isaac S. Crum*
                                          Isaac S. Crum