1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| 9  Prime Loyalty LLC, *et al.*, | No. CV-24-03359-PHX-JJT |
| 10              Plaintiffs, | **ORDER** |
| 11  v. | |
| 12  GoDaddy Incorporated, *et al.*, | |
| 13              Defendants. | |
| 14 | |

15      At issue is the parties' Stipulation for Entry of Order Pursuant to Federal Rule of

16  Evidence 502(d) (Doc. 69). Upon review and good cause appearing,

17      **IT IS HEREBY ORDERED** granting the parties' Stipulation for Entry of Order

18  Pursuant to Federal Rule of Evidence 502(d) (Doc. 69).

19      Upon stipulation of the parties and pursuant to Federal Rule of Evidence 502(d),

20      **IT IS THEREFORE ORDERED THAT,**

21  **1.    DEFINITIONS**

22      1.1    "Document" shall have the meaning contemplated by Federal Rule of Civil

23  Procedure 34(a)(1)(A).

24      1.2    "ESI" is an abbreviation of "electronically stored information" and shall have

25  the same meaning and scope as in Federal Rule of Civil Procedure 34(a)(1)(A).

26      1.3    "Privileged Material" means any Document, ESI, or related information that

27  is, or that the Producing Party asserts is, protected from disclosure by a privilege or other

28  immunity from discovery, including without limitation the attorney-client privilege, the

work product privilege, the joint defense or common interest privilege, or any other statutory or common-law privilege or protection.

1.4    "Production," "Produce," "Produced," or "Produces" includes any exchange of Documents or ESI by a Producing Party, whether voluntarily or in response to a formal or informal request.

1.5     "Producing Party" means any Party or non-party that Produces information, Documents, or ESI in the litigation.

1.6    "Receiving Party" means any Party or non-party that receives information, Documents, or ESI Produced in the litigation.

**2.    PURPOSE**

2.1    This Order is entered pursuant to and invokes the maximum protections allowed under Federal Rule of Evidence 502(d) with regard to Privileged Material. No other provision of Rule 502 applies in these proceedings unless expressly provided herein.

2.2    This Order does not preclude a Party or non-party from intentionally waiving any claims of privilege, including by their affirmative use—as opposed to inadvertent disclosure—of their own Privileged Material. The scope of any such intentional waiver shall be governed by Federal Rule of Evidence 502(a).

2.3    Except as expressly provided herein, this Order shall not affect the application of any rules, including but not limited to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, governing the assertion, application, or challenge of any claim of privilege.

**3.    CLAWBACK OF INADVERTENT DISCLOSURE**

3.1    **Clawback**. If a Party or non-party that Produces Privileged Material in connection with this litigation in circumstances other than those described in Section 2.2, supra, thereafter claims that such information is Privileged Material ("Disclosed Privileged Material"), such unintentional disclosure of the Disclosed Privileged Material shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the

Disclosed Privileged Material and its subject matter in this proceeding or in any other federal or state proceeding.

a.  **Clawback Process**. The provisions of this Order shall govern the clawback of inadvertently Disclosed Privileged Material. Federal Rule of Civil Procedure 26(b)(5)(B) shall not apply in these proceedings.

i.  Any Producing Party may request, in a written "Clawback Notice," the return or destruction of any Disclosed Privileged Material by identifying such material and stating the basis for its protection from Production. The Clawback Notice shall include the Bates range of the Disclosed Privileged Material and must be as specific as needed to articulate the basis for the privilege claimed. Within five (5) business days of the Clawback Notice, the Producing Party must Produce a privilege log listing the Disclosed Privileged Material that is the subject of the Clawback Notice, and logged in accordance with the requirements of Rule 26(b)(5)(A)(ii) and privilege logging procedures agreed to by the Parties or ordered by the Court. Within ten (10) business days of the Clawback Notice, the Producing Party must provide a supplemental Production volume overlay matching the same Bates range so that the Receiving Party can replace the specified Documents in their review platform. That overlay should include a redacted form of the Disclosed Privileged Material if the claim is that only a portion of the Document is privileged, or a slip sheet noting that the Document has been withheld on privilege grounds if the Producing Party claims that the entire Document is privileged.

ii. If a Producing Party requests the return or destruction of Disclosed Privileged Material, any Receiving Parties shall, within five (5) business days of receipt of the Clawback Notice, return or destroy the Disclosed Privileged Material and all copies thereof and provide

written certification of the same. If a Receiving Party intends to contest the assertion of privilege or other protection claimed by the Producing Party for the Disclosed Privileged Material clawed back, the Receiving Party shall provide the Disclosing Party with a "Notice of Clawback Challenge" no later than five (5) business days of receipt of the Producing Party's privilege log. The Notice of Clawback Challenge shall provide the specific reason for the Receiving Party's challenge to the privilege or work product protection. No Receiving Party or third-party may retain, cite, or use the substance of any of the Disclosed Privileged Material for any clawback challenge or any other purpose without the express, written consent of the Producing Party.

iii. Within ten (10) business days of the Receiving Party's receipt of the privilege log associated with the Clawback Notice(s), the Producing Party and Receiving Party shall meet and confer in good faith regarding the disputed claim(s). If, at the conclusion of the meet and confer process, the Parties (including any involved non-parties) are still not in agreement, the Producing Party or the Receiving Party may bring the issue to the Court for resolution within fourteen (14) business days of the Parties reaching an impasse.

iv. The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Privileged Material. Nothing in this Order shall limit or expand the right of any Party or non-party to petition the Court for an in camera review of the Disclosed Privileged Material.

v. Any analysis, memoranda, notes, or other work product regarding the information generated before the Clawback Notice was served as a result of review or analysis of the Disclosed Privileged Material shall be sequestered upon receipt of the Clawback Notice. Such

- 4 -

information shall be destroyed if the Receiving Party does not contest that the Disclosed Privileged Material is privileged or the Court rules that the Disclosed Privileged Material is privileged.

vi.   Where a Receiving Party agrees to or is ordered to destroy material subject to a Clawback Notice, the Receiving Party must instruct its e-discovery vendor to delete that material entirely from its e-discovery database and delete all other copies of the material. To the extent that it is not technologically feasible for a Receiving Party to destroy material subject to a Clawback Notice (for example, if the clawed-back material is part of a Production provided on read-only Production media such that the material cannot be destroyed without destroying the entire Production media), the Parties (including any involved non-parties) will meet and confer as to an acceptable alternative approach.

vii.  Except as provided in the Local Rules, nothing in this Order is intended to preclude either Party or non-parties from seeking fees or expenses associated with the unreasonable or excessive clawback of Disclosed Privileged Material, nor from the Producing Party seeking to oppose any attempt to seek such fees or expenses.

b.   **Clawbacks Before Deposition**. If a Producing Party attempts to claw back Disclosed Privileged Material authored or received by an individual who is scheduled for a deposition within thirty (30) days of the date of the deposition, and the propriety of the clawback is not resolved as set forth herein prior to the date of the deposition, then the Parties (including any involved non-parties) will meet and confer on the appropriate course of action, which may, but need not necessarily, include:

i.   Rescheduling the deposition until the issue is resolved by the Court.

ii.   Conferring prior to the deposition to determine if the Disclosed

Privilege Material may be used in the deposition subject to agreed-upon limitations.

c.  **Clawbacks During Deposition.** If during a deposition, a Producing Party attempts to claw back Disclosed Privileged Material a Receiving Party intends to introduce as an exhibit at the deposition:

i.  If the dispute requires an immediate ruling of the Court, then pursuant to Section 9 of the Court's Rule 16 Scheduling Order, the Parties shall jointly contact the Court telephonically to determine if immediate resolution is possible.

ii.  If after the Parties attempt to contact the Court during the deposition, the Court is either unavailable or declines to resolve the dispute during the deposition, the Receiving Party resisting the clawback shall not be permitted to use the Document(s) at issue until the dispute is resolved, but shall be permitted to recall the deponent for the sole and exclusive purpose of questioning the deponent on the Document(s) at issue if the Court subsequently determines the clawback was improper; provided, however, that any such limited continuation of the deposition shall occur remotely, unless otherwise agreed by the Parties.

iii.  This subsection shall apply only in situations where the Disclosed Privileged Material sought to be clawed back was not raised as a dispute prior to the date of the deposition.

Dated this 8th day of September, 2025.

Honorable John J. Tuchi
United States District Judge

- 6 -