Jeffrey M. Monhait, AZ Bar No. 038707
COZEN O'CONNOR
3WTC, 175 Greenwich Street
55th Floor
New York, NY 10007
Telephone: (215) 665-2084
Email:      jmonhait@cozen.com

Robert S. Clark (Admitted *Pro Hac Vice*)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA  19103
Telephone: (215) 665-2041
Email:      robertclark@cozen.com

Attorneys for Defendants
GoDaddy Inc. and GoDaddy.com, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Prime Loyalty, LLC a New York limited liability company, Crisby Studio AB, a Swedish limited liability company, and Niklas Thorin, a Swedish resident,<br><br>Plaintiffs,<br><br>v.<br><br>GoDaddy, Inc. a Delaware corporation, GoDaddy.com, LLC, a Delaware corporation, and 123-Reg Limited, a UK company,<br><br>Defendants. | Case No.: 2:24-cv-03359-JJT<br><br>**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |

## I. INTRODUCTION

Plaintiffs Crisby Studio AB, Niklas Thorin ("Thorin") (collectively, "Crisby"), and Prime Loyalty, LLC ("Prime") (collectively, "Plaintiffs") allege they purchased a domain name registration through Defendant GoDaddy.com, LLC's ("GoDaddy") auction services in or around April 2024—calor.com for Crisby and butane.com for Prime (collectively, the "Domains")—and two months later, GoDaddy unwound the transactions because the Domains were auctioned in error. Plaintiffs will be unable to prove their claims in this litigation because: (1) GoDaddy's conduct was expressly authorized by the contracts at issue, which defeats at least one element of each of Plaintiffs' claims against GoDaddy; and (2) Defendant GoDaddy Inc. (collectively, with GoDaddy, "Defendants") took no actions relevant to this dispute.

However, in the alternative, Defendants have raised numerous affirmative defenses that bar some or all of Plaintiffs' claims, whether in whole or in part. Plaintiffs now move to strike *eight* of Defendants' affirmative defenses from Defendants' Amended Answer to Complaint (Doc. 65) "on the grounds that they are legally insufficient, impermissibly vague, conclusory, and fail to provide the factual support required under federal pleading standards." Doc. 67 at 2:5–7; Doc. 75 (Plaintiffs' notice of errata).

Plaintiffs' Motion to Strike Affirmative Defenses (the "Motion") should be denied for at least two reasons. *First*, Defendants' Amended Answer satisfies the low bar for pleading affirmative defenses under Federal Rule of Civil Procedure 8(c), which requires only that a party "affirmatively state any avoidance or affirmative defense" such that the plaintiff has fair notice of the defendant's general legal theories. *Second*, Plaintiffs fail to identify any prejudice that would result if these affirmative defenses were not stricken.

In any event, even if the Court identifies some pleading deficiency, leave to amend should be freely given when, as is the case here, there is no prejudice to Plaintiffs. Thus, in the alternative, Defendants request leave to amend any affirmative defenses that the Court finds deficient.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 8(c), "a party must affirmatively state any avoidance or affirmative defense" when responding to a pleading. "The Ninth Circuit . . . has construed this requirement to mean that a defendant must give 'fair notice' of affirmative defenses to the plaintiff." *Ader v. Simonmed Imaging Inc.*, 324 F. Supp. 3d 1045, 1049 (D. Ariz. 2018) (Tuchi, J.) (quoting *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010)). "The Supreme Court has long held that fair notice requires only a plain statement of the nature and grounds of a claim or defense." *Id.* (citing *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012)). Under the fair notice standard, defendants "need not plead 'enough facts to state a claim to relief that is plausible on its face,' as required by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), and its progeny." *Oskowis v. Sedona Oak-Creek Unified Sch. Dist.*, No. CV-16-08063, 2016 WL 4703373, at *2 (D. Ariz. Sept. 8, 2016) (Tuchi, J.) (citing *G & G Closed Cir. Events, LLC v. Mitropoulos*, No. CV-12-0163, 2012 WL 3028368, at *1 (D. Ariz. July 24, 2012)). Instead, "Defendant need only provide a plain statement of the nature and grounds of each affirmative defense." *Id.*

The purpose of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Ader*, 324 F. Supp. 3d at 1049–50 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). However, "[c]ourts generally view motions to strike disfavorably 'because they are often used to delay and because of the limited importance of the pleadings in federal practice.'" *Id.* at 1050 (quoting *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009)); *see also G & G Closed Cir. Events LLC v. Mayer*, No. CV-24-00887, 2024 WL 4534470, at *4 (D. Ariz. Oct. 21, 2024) (recognizing "the baselessness and frivolity" of filing "motions to strike affirmative defenses when they are not prejudicial to the moving party" (collecting cases)). "A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation." *Ader*, 324 F. Supp. 3d at 1050 (quoting *Brewer*, 609 F. Supp. 2d at 1113); *see, e.g., Oskowis*, 2016 WL 4703373, at *2 (denying in part

DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

plaintiff's motion to strike affirmative defenses where defendant gave plaintiff fair notice of its affirmative defenses); *FTC v. Vemma Nutrition Co.*, No. CV-15-01578, 2016 WL 3548762, at *1 (D. Ariz. June 30, 2016) (Tuchi, J.) (same); *J & J Sports Prods. Inc. v Rubio*, No. CV-16-01111, 2016 WL 4074114, at *4 (D. Ariz. Aug. 1, 2016) (Tuchi, J.) (same). Indeed, this Court has specifically denied a motion to strike affirmative defenses to the extent it was based solely on the ground that the defenses were "conclusory" or "lack specificity as to their direction." *Oskowis*, 2016 WL 4703373, at *2.

Moreover, "even when a motion to strike an insufficient defense is 'technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.'" *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-92332, 2019 WL 6065782, at *1 (D. Ariz. Nov. 15, 2019) (quoting 5C Wright & Miller's Federal Practice and Procedure § 1381 n.34 (3d. ed. 2019) (collecting cases)). "Prejudice can be found 'where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters.'" *Id.* (quoting *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014)). Defendants' affirmative defenses satisfy the fair notice pleading standard and Plaintiffs have failed to make any showing of prejudice if the defenses are not stricken.

### III.     ARGUMENT

#### A.     Defendants Provided Fair Notice of All Affirmative Defenses.

Plaintiffs' Motion should be denied because it fails to acknowledge that the "fair notice" standard under Rule 8 requires nothing more than a plain statement of the nature and grounds for each affirmative defense, such that Plaintiffs know the general legal theories upon which Defendants are proceeding. Plaintiffs go far beyond that, seeking specific factual allegations, including facts that are exclusively within Plaintiffs' own knowledge. If defendants were required to plead affirmative defenses with plausibility, as Plaintiffs appear to demand, *see* Doc. 67 at 5:7–11, this Court would soon be inundated with motions for leave to amend to add additional affirmative defenses based on the typical course of discovery, wasting resources of parties and the Court on refining the pleadings, despite their "limited importance … in

[modern] federal practice." *Ader*, 324 F. Supp. 3d at 1050 (quoting *Brewer*, 609 F. Supp. 2d at 1113). The Federal Rules of Civil Procedure do not require or countenance such an inefficient approach, and neither should this Court. *See generally* Fed. R. Civ. P. 1.

Instead, the appropriate way for Plaintiffs to discover more detail regarding Defendants' affirmative defenses is through the discovery process, such as by issuing contention interrogatories. *See J & J Sports Prods., Inc. v. Vargas*, No. CV 11-2229, 2012 WL 2919681, at *2 (D. Ariz. July 17, 2012) ("[A]ny further inquiries the Plaintiff wishes to make into the specific nature of any of these affirmative defenses can be handled through routine discovery practices with minimal effort or expense."). Indeed, such interrogatories likely would have resulted in Plaintiffs receiving the same information provided below without the need for unnecessary motion practice.[1]

### 1. First Affirmative Defense (Estoppel)

Defendants assert the affirmative defense of estoppel based on representations made by Plaintiffs in the Domain Name Registration Agreement ("DNRA").[2] Specifically, the DNRA contains the following provision (the "No Ownership Provision"):

> You acknowledge and agree that registration of a domain name does not create any proprietary right for you, the registrar, or any other person in the name used as a domain name or the domain name registration and that the entry of a domain name in the Registry shall not be construed as evidence or ownership of the domain name registered as a domain name. You shall not in any way transfer or purport to transfer a proprietary right in any domain name registration or grant

---

[1] Defendants expressly reserve and do not waive the right to make additional arguments related to the affirmative defenses alleged in their Amended Answer based on the course of discovery. The information provided herein is not intended to limit the scope of Defendants' affirmative defenses alleged in their Amended Answer, which already places Plaintiffs on fair notice of the general nature of the legal theories that Defendants intend to explore during discovery. That is all that is required.

[2] Plaintiffs ask this Court to strike an affirmative defense that Defendants did not assert in their Amended Answer. *Compare* Doc. 63 at 30:13–16 (asserting a defense of "Estoppel/Waiver/Ratification"), *with* Doc. 65 at 30:13–15 (asserting only a defense of "Estoppel"); *see* Doc. 67 at 4:5–16 (seeking to strike the now-nonexistent affirmative defense of "Estoppel, Waiver, Ratification"). The portion of Plaintiffs' Motion addressing a defense that is not in the Amended Answer is moot. *See, e.g.*, *Ewing v. Wells Fargo Bank*, No. CV11-8194, 2012 WL 1844807, at *1 (D. Ariz. May 21, 2012).

or purport to grant as security or in any other manner encumber or purport to encumber a domain name registration.

Doc. 1-1, Ex. O § 2.3. At a minimum, Plaintiffs' surviving trespass to chattel claim against GoDaddy Inc. is inconsistent with these representations, on which Defendants relied. *See* Doc. 1, ¶ 64 (falsely alleging that "Plaintiffs became the rightful owners of their respective Domain Names").

Moreover, Plaintiffs allege that they took actions that were inconsistent with the representations made in the DNRA. For instance, Crisby allegedly executed a Joint Venture Agreement with non-party QLSC Consulting S.R.L. "for the purpose of developing and launching a dating app" under which Crisby warranted "that it 'currently owns the domain name'" and "agree[d] to the transfer of ownership of the domain name to the Joint Venture." Doc. 1 at ¶¶ 36–37. If Crisby made such a representation to a third-party, then it materially breached the DNRA and contradicted its own representations therein. At minimum, Crisby would be estopped from asserting that it suffered damages caused by its own breach of the DNRA.

Defendants' Amended Answer placed Plaintiffs on fair notice of the general theories on which they were proceeding, and Defendants have now gone farther to more fully explain their current legal theories. The Motion should be denied. *See, e.g.*, *BBK Tobacco*, 2019 WL 6065782, at *2 (denying motion to strike estoppel affirmative defense despite "[t]he absence of facts in [defendant]'s answer" where the plaintiff was "aware of the elements of the[] defense[] and what facts will be necessary to establish them").

### 2. *Fourth Affirmative Defense (Mutual Mistake)*

Defendants assert the affirmative defense of mutual mistake based on the fact that all Parties mistakenly believed the Domains were available for auction not as the result of any error or mistake. The Parties have extensively briefed this issue; in fact, this Court has already issued a ruling related to it. *See* Doc. 52 at 23:18–24:22 (extensively discussing whether this issue could be resolved on a motion to dismiss based on the documents attached to Plaintiffs' Complaint); *see also* Doc. 68 at 2:18–3:5 (more fully explaining the nature of the error).

Plaintiffs are plainly on fair notice of the nature of Defendants' mutual mistake defense. *See, e.g.*, *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, No. CV-22-00472, 2024 WL 4817651, at *5 (D. Ariz. Nov. 18, 2024) (refusing to strike affirmative defense where the answer and briefs filed in the action provide the plaintiff fair notice of the defense).

### 3.   *Fifth Affirmative Defense (Failure to Mitigate Damages)*

Factual information to support Defendants' failure to mitigate damages defense is entirely in the hands of Plaintiffs, particularly given that Plaintiffs have not yet identified their damages through initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). At minimum, to the extent Plaintiffs are claiming damages for the alleged costs associated with developing hypothetical new businesses associated with the Domains and alleged lost business as a result of not having access to the Domains, Plaintiffs had obligations to mitigate those damages by, among other things, seeking to continue their alleged nascent businesses using different names and/or domain names. *See, e.g.*, Doc. 1 ¶¶ 75, 80. By pleading the affirmative defense of failure to mitigate, Plaintiffs are on fair notice that Defendants intend to investigate through discovery whether Plaintiffs failed to mitigate their damages. *See Schmitz v. Asman*, No. 20-cv-00195, 2023 WL 2541848, at *4 (E.D. Cal. Mar. 16, 2023) (explaining that failure to mitigate damages is a "well-known defense" for which "a generalized statement gives fair notice" (citing *Mollica v. Cnty. Of Sacramento*, No. 19-CV-02017, 2021 WL 2853836, at *6 (E.D. Cal. July 8, 2021))).

### 4.   *Sixth Affirmative Defense (Intervening or Superseding Cause)*

By pleading the affirmative defense of intervening or superseding cause, Plaintiffs have fair notice that Defendants are going to investigate in discovery the cause of Plaintiffs' specific alleged injuries, primarily based on information in Plaintiffs' possession, custody, or control. Plaintiffs are entitled to nothing more than fair notice that Defendants will be inquiring into such matters during discovery, as is their right. *See, e.g.*, *Oskowis*, 2016 WL 4703373, at *2.

### 5.   *Seventh Affirmative Defense (Comparative or Contributory Fault)*

Once again, Plaintiffs demand far more than required under the federal pleading standards by insisting that Defendants must identify—before any discovery—the cause of

*Plaintiffs'* alleged injuries. *First*, "[c]omparative fault is a 'well-known affirmative defense,'" and simply placing Plaintiffs on notice that Defendants will explore this issue in discovery satisfies the fair notice requirement. *Estados Unidos Mexicanos*, 2024 WL 4817651, at *8 (quoting *Schmitz*, 2023 WL 2541848, at *4). *Second*, factual information related to Plaintiffs' contributory fault is in the hands of Plaintiffs and can only be obtained by Defendants through discovery. *Third*, the Arizona Rules of Civil Procedure dictate when a party must identify a nonparty at fault for purposes of Defendants' comparative fault defense. *See* Ariz. R. Civ. P. 26(b)(5) ("No later than 150 days after filing its answer, a party must serve on all other parties—and should file with the court—a notice disclosing any person: (A) not currently or formerly named as a party in the action; and (B) whom the party alleges was wholly or partly at fault under A.R.S. § 12-2506(B)."); *see also Wester v. Crown Controls Corp.*, 974 F. Supp. 1284, 1288 (D. Ariz. 1996) ("*Erie* considerations strongly support the application of Ariz. R. Civ. P. 26(b)(5) in this diversity case. The 150-day notice rule is inextricably intertwined with UCATA's substantive rules governing the allocation of liability among named and un-named parties."). For all of these reasons, Plaintiffs have fair notice of the defense at this stage of the litigation. *See, e.g.*, *Mayer*, 2024 WL 4534470, at *5 (refusing to strike comparative fault defense where "it does not prejudice Plaintiff, has some relation to the controversy, and does not confuse the issues—even if the defense may become immaterial or impertinent").

### 6.   *Eighth Affirmative Defense (Accord and Satisfaction)*

Plaintiffs' challenge to Defendants' accord and satisfaction defense for failure to attach "evidence or supporting documentation" or for being "false" would fail even under the plausibility standard of *Twombly*, let alone the "fair notice" standard. *See* Doc. 67 at 6:10–14. Defendants explain in detail that "GoDaddy offered, and Plaintiffs accepted and purchased additional services using, in-store credit to fully and finally resolve" this dispute. *See* Doc. 65 at 24-26. If Plaintiffs wish to dispute the merits of this defense, or whether their acceptance and use of in-store credit offered as a response to the unwinding of the relevant auctions bars their claims, that can be done at a later stage of the litigation. *See, e.g.*, *Mayer*, 2024 WL

4534470, at *5 (refusing to strike accord and satisfaction defense where "[t]he factual underpinnings are sufficiently clear, and alternatively, they may be revealed in discovery").

### 7. Ninth Affirmative Defense (Failure to Join Necessary and/or Indispensable Parties)

Defendants also provided fair notice regarding their defense of failure to join necessary and indispensable parties. In the Amended Answer, Defendants identify the relevant non-parties as "the prior and/or current registrant(s) of the [Domains] and the registrar(s) of the [Domains]." Doc. 65 at 32. This affirmative defense is raised solely to Plaintiffs' prayers for permanent injunctive or other equitable relief requiring Defendants to "return[]" the Domains to Plaintiffs or otherwise requiring some alteration to the current registrations of the Domains. *See* Doc. 1 at 30:22–24, 31:20–21.

It is obvious why the current registrant(s) and registrar(s) are necessary and/or indispensable parties to any prayer for injunctive relief. Their rights and obligations would be directly impacted by any court-ordered transfer of the Domains from the current registrant(s) to Plaintiffs. *See* Fed. R. Civ. P. 12(a)(1)(B)(i). Moreover, if this Court were to order the transfer of the Domains to Plaintiffs without the current registrant(s) being present, Defendants would be at risk of "incurring double, multiple, or otherwise inconsistent obligations" if the current registrant(s) were then to seek a competing, inconsistent court order mandating the transfer of the Domains *away* from Plaintiffs. Fed. R. Civ. P. 12(a)(1)(B)(ii). Thus, "Defendants have provided fair notice by identifying the parties they assert are indispensable and providing information as to why they believe the parties are indispensable."[3] *Estados Unidos Mexicanos*, 2024 WL 4817651, at *2 (denying motion to strike affirmative defense of

---

[3] It is unclear what Plaintiffs are referring to when they say Defendants have "arguably made arguments otherwise to the Court." Doc. 67 at 6:26–27. Defendants can only assume Plaintiffs are referring to the fact that 123-Reg Limited ("123-Reg") was dismissed from this action for lack of personal jurisdiction. *See* Doc. 52 at 18:28–19:1. It is certainly true that 123-Reg cannot be *only* a necessary party under Rule 19(a) because joinder is not feasible "when the absentee is not subject to personal jurisdiction." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). However, 123-Reg can still be a necessary *and indispensable* party under Rule 19(b), such that any prayer for injunctive relief must be dismissed in their absence.

1  failure to join indispensable parties where plaintiff did not show the parties identified were not
2  indispensable or any resulting prejudice); *see also Mayer*, 2024 WL 4534470, at *5 ("The
3  Court will not strike [the failure to join necessary and indispensable parties defense] because
4  it does not prejudice Plaintiff, has some relation to the controversy, and does not confuse the
5  issues.").

6  This Court already denied Plaintiffs' requests for a temporary restraining order and
7  preliminary injunction based on reasons that likely also preclude permanent injunctive relief.
8  *See* Doc. 29. However, Plaintiffs' prayer for permanent injunctive relief remains live in the
9  case. *See* Doc. 52 at 29:18–20 ("[T]he Court will dismiss [the claim for an injunction], but
10 such dismissal carries no prejudice with respect to Plaintiffs' ability to procure injunctive relief
11 on their surviving claims."). Defendants are not required to bear the risk that Plaintiffs may
12 attempt to revive their requests for injunctive relief at some later time.

### 8. *Eleventh Affirmative Defense (Unclean Hands)*

14 Finally, to the extent Plaintiffs make claims for equitable relief, such relief is barred by
15 the doctrine of unclean hands. Unclean hands is one of many "well-established defenses whose
16 application is typically self-explanatory." *IFIXITUSA LLC v. Ifixit Corp.*, No. CV-21-00887,
17 2022 WL 3647788, at *3 n.4 (D. Ariz. Aug. 24, 2022) (collecting cases). Defendants intend to
18 pursue discovery regarding other potential facts that would further support this affirmative
19 defense, but at minimum, Plaintiffs have fair notice of their *own* allegation that effectively
20 admits to breaching the No Ownership Provision of the DNRA. *See* Doc. 1, ¶¶ 36–37; Section
21 III(B)(1), *supra*.

22 Plaintiffs cite *Estados Unidos Mexicanos*, stating that the Court struck a defense of
23 unclean hands. Doc. 67 at 7:10–12. To the contrary, the Court concluded that the relevant
24 pleading "provide[d] fair notice of an unclean hands defense" and denied the motion to strike
25 as it pertained to that defense. *Estados Unidos Mexicanos*, 2024 WL 4817651, at *5; *see also*
26 *Top Brand LLC v. Cozen Comforts Co. LLC*, No. CV-00597, 2021 WL 3666293, at *3 (D.
27 Ariz. Aug. 18, 2021) (refusing to strike unclean hands defense even though only "stated in
28

general terms in the Answer" because the pleading provided plaintiffs with "fair notice of the affirmative defense[]").

### B.  Plaintiffs Identify No Prejudice Warranting a Motion to Strike.

Plaintiffs do not even attempt to argue that prejudice may result if Defendants' First, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Affirmative Defenses are not struck. *See BBK Tobacco*, 2019 WL 6065782, at *1 ("Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." (internal citations omitted)). This alone justifies denying the Motion as to those defenses.

Plaintiffs attempt such an argument as to Defendants' Eleventh Affirmative Defense for unclean hands, but it falls far short. In conclusory fashion, Plaintiffs claim that this defense may "expand[] discovery into vague or irrelevant areas." Doc. 67 at 7:13–14. However, Plaintiffs identify no such areas, and Defendants presently expect the relevant discovery to overlap entirely with discovery related to Plaintiffs' damages. If Defendants were to issue vague discovery requests or discovery requests that are not "relevant to any party's claim or defense and proportional to the needs of the case," Plaintiffs can raise objections at the appropriate time. *See* Fed. R. Civ. P. 26(b)(1). They may not, however, seek to strike a legally cognizable affirmative defense based solely on speculation that Defendants may seek discovery "*irrelevant*" to that defense. Doc. 67 at 7:13–14.

### C.  In the Alternative, Defendants Seek Leave to Amend Their Answer.

If the Court strikes any of Defendants' affirmative defenses, Defendants seek leave to amend their Amended Answer. "If an affirmative defense is stricken, leave to amend should be freely given if the opposing party will not be prejudiced." *Major v. Bossard Inc.*, No. CV-20-00530, 2021 WL 2566984, at *6 (D. Ariz. Mar. 12, 2021) (citing *Cisco Systems, Inc. v. Beccela's Etc.*, 403 F. Supp. 3d 813, 823 (N.D. Cal. 2019)); *see also Vemma Nutrition*, 2016 WL 3548762, at *1 (granting leave to amend following a motion to strike); *Lemberg v. Scottsdale Healthcare Corp. Health Plan*, No. 11-cv-00271, 2011 WL 6049873, at *2 (D. Ariz. Dec. 6, 2011) (same); *Innovative Sports Mgmt. Inc. v. Hunt*, No. CV-19-00152, 2019 WL 10366177, at *2 (D. Ariz. June 27, 2019) (same); *Success Is Yours, Inc. v. LifeSuccess*

*Publ'g, LLC*, No. CV-10-0758, 2010 WL 4006832, at *1 (D. Ariz. Oct. 13, 2010) (same). Thus, if this Court strikes any of Defendants' affirmative defenses, Defendants respectfully request leave to amend their Amended Answer to address any identified deficiencies—including, if necessary, by alleging some or all of the explanations detailed herein.

## IV.   CONCLUSION

Defendants respectfully request that this Court deny Plaintiffs' Motion to Strike Affirmative Defenses in its entirety. In the alternative, Defendants respectfully request leave to amend any affirmative defenses that are stricken.

Dated:  September 9, 2025

**COZEN O'CONNOR**
Jeffrey M. Monhait

By:  *s/Jeffrey M. Monhait*
　　　Jeffrey M. Monhait
　　　Robert S. Clark (admitted *pro hac vice*)

Attorneys for Defendants
GoDaddy Inc. and GoDaddy.com, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury under the laws of the State of Arizona that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey J. Neuman<br>JJN SOLUTIONS, LLC<br>9445 Brenner Ct.<br>Vienna, VA 22180<br>(202) 549-5079<br>jeff@jjnsolutions.com | Isacc S. Crum<br>MESSNER REEVES LLP<br>7250 N. 16th St., Suite 410<br>Phoenix, AZ 85020<br>(602) 457-5059<br>icrum@messner.com |
| Counsel for Plaintiffs | Counsel for Plaintiffs |

SIGNED AND DATED this 9th day of September, 2025 at New York, New York.

COZEN O'CONNOR

By: *s/ Jeffrey M. Monhait*
     Jeffrey M. Monhait

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**