WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prime Loyalty LLC, *et al.*, | No. CV-24-03359-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| GoDaddy Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Motion to Strike Defendants' GoDaddy Inc and GoDaddy.com LLC's Affirmative Defenses (Doc. 67, MTS) to which Defendants filed a Response in Opposition (Doc. 76, Resp). No reply was filed. For the reasons below, the Court will grant in part and deny in part Plaintiffs' Motion.

**I.  BACKGROUND**

In their Complaint (Doc. 1, Compl.), Plaintiffs allege that they purchased the domain names butane.com and calor.com ("Domains") through Defendant GoDaddy.com's auction services in March and April 2024 (Compl. ¶¶ 32, 40). Two months later, Defendants unwound the transactions because the Domains were auctioned in error. (Compl. ¶ 50.) Plaintiffs proceeded to sue. In their Amended Answer, Defendants raised several affirmative defenses to bar some or all of Plaintiffs' claims, whether in whole or in part. (Doc. 65, Am. Ans., at 29–31.) Plaintiffs now move to strike eight of Defendants' affirmative defenses "on the grounds that they are legally insufficient, impermissibly

vague, conclusory, and fail to provide the factual support required under federal pleading standards." (MTS at 2:5–7.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 8(c), "a party must affirmatively state any avoidance or affirmative defense" when responding to a pleading. The responding party "need only provide a plain statement of the nature and grounds of each affirmative defense; they need not plead enough facts to state a claim to relief that is plausible on its face, as required by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), and its progeny." *Oskowis v. Sedona Oak-Creek Unified Sch. Dist. #9*, No. CV-16-08063-PCT-JJT, 2016 WL 4703373, at *2 (D. Ariz. Sep. 8, 2016) (internal citation omitted). "[W]hen a defendant asserts affirmative defenses in an answer, Rules 8(b) and 8(c) only require that those defenses be stated." *Howarth v. Patterson*, No. CV-19-00726-PHX-ESW, 2019 WL 1901268, at *2 (D. Ariz. Apr. 29, 2019) (internal citations omitted). Those defenses can be described in "general terms." *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

Still, "[a]n affirmative defense may be insufficient as a matter of pleading or as a matter of law." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). First, an affirmative defense is deficient as a matter of pleading when it fails to give the plaintiff fair notice[1] of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). Fair notice need only identify "the nature and grounds" of the affirmative defense, which requires "some factual basis, but not

---

[1] A few district courts in the Ninth Circuit have extended the heightened *Twombly* and *Iqbal* pleading standard to affirmative defenses. *See FootBalance Sys. v. Zero Gravity Inside, Inc.*, No. 15-CV-1058 JLS (DHB), 2017 U.S. Dist. LEXIS 143387, at *2 (S.D. Cal. Sep. 5, 2017); *Pertz v. Heartland Realty Inv'rs, Inc.*, No. 19-cv-06330-CRB, 2020 U.S. Dist. LEXIS 3116, at *2 (N.D. Cal. Jan. 8, 2020). Other district courts have rejected this approach and opted to follow the fair notice standard set forth by *Wyshak* until the Ninth Circuit provides clear guidance on the issue. *Cooksey v. Ocean*, No. 2:17-cv-00839-SVW-AGR, 2017 U.S. Dist. LEXIS 220428, *3 (C.D. Cal. Jul. 7, 2017); *Helstern v. City of San Diego*, No. 13-CV-0321-LAB (RBB), 2014 U.S. Dist. LEXIS 9137, at *3 (S.D. Cal. Jan. 22, 2014). This Court falls into the latter camp and will continue following the precedent set forth in *Wyshak* until clarified by the Ninth Circuit.

great detail." *Mollica v. Cnty. of Sacramento,* No. 2:19-CV-02017-KJM-DB, 2021 WL 2853863, at *1 (E.D. Cal. July 8, 2021) (citations omitted). "Generalized references to a legal doctrine or a statute normally fall short of this standard unless they rely on a well-known defense whose applicability is clear in context." *Id.*

Second, an affirmative defense is deficient as a matter of law "if it clearly lacks merit under any set of facts the defendant might allege, or does not plead matters extraneous to the plaintiff's prima facie case which deny the plaintiff's right to recover, even if the allegations of the complaint are true." *Major v. Bossard Inc.*, No. CV-20-00530-TUC-JCH, 2021 WL 2566984, at *2 (D. Ariz. Mar. 12, 2021). "A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation." *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense." "The decision to grant or deny a motion to strike is within the Court's discretion." *United States v. Lacey*, No. CR-18-00422-PHX-SPL, 2019 WL 317672, at *1 (D. Ariz. Jan. 24, 2019). If a defense is stricken, leave to amend should freely be given "[i]n the absence of prejudice to the opposing party." *Wyshak*, 607 F.2d at 826.

The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1049 (D. Ariz. 2018). "Courts generally view motions to strike disfavorably because they are often used to delay and because of the limited importance of the pleadings in federal practice." *Id*. at 50. As a result, some courts have required a party moving to strike affirmative defenses to show prejudice. *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-92332, 2019 WL 6065782, at *1 (D. Ariz. Nov. 15, 2019) ("even when a motion to strike an insufficient defense is technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."); *see XY Skin Care & Cosms., LLC v. Hugo Boss USA, Inc.*, No. CV-08-1467-PHX-ROS, 2009 WL 2382998,

at *1 (D. Ariz. Aug. 4, 2009) (same); *J & J Sports Prods., Inc. v. Vargas*, No. CV 11-2229-PHX-JAT, 2012 WL 2919681, at *1 (D. Ariz. July 17, 2012) (same). "Prejudice can be found where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters." *BBK Tobacco*, 2019 WL 6065782, at *1 (internal citation omitted).

This requirement, however, is not universally demanded in the Ninth Circuit. *See In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 151 (C.D. Cal. 2022) (comparing the practices of different courts); *compare, e.g., Top Brand LLC v. Cozy Comforts Co. LLC*, No. CV-21-00597-PHX-SPL, 2021 WL 3666293, at *3 (D. Ariz. Aug. 18, 2021) (denying motion to strike because of lack of prejudice), *with Fed. Trade Comm'n v. N. Am. Mktg. & Assocs., LLC*, No. CV-12-0914-PHX-DGC, 2012 WL 5034967, at *2 (D. Ariz. Oct. 18, 2012) (striking affirmative defenses without prejudice).

## III. ANALYSIS

Plaintiffs contend that Defendants' affirmative defenses 1, 4, 5, 6, 7, 8, 9, and 11 are both insufficiently pled to provide Plaintiffs with fair notice and are legally insufficient. (MTS at 4–7.) But Plaintiffs offer no arguments for why Defendants' affirmative defenses are legally insufficient except as to Defendants' seventh affirmative defense. Accordingly, the Court will evaluate the pleading sufficiency of all affirmative defenses challenged by Plaintiffs, in addition to the legal sufficiency of only the seventh affirmative defense.

### A.   *First Affirmative Defense: Estoppel*

In their first affirmative defense, Defendants plead that "Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel." (Am. Ans. at 29.) Plaintiffs argue that this bare assertion does not provide fair notice because Defendants "fail[] to set forth any facts supporting these defenses." (MTS at 4:8–10.) The Court agrees. In their Amended Answer, Defendants do not provide any facts giving rise to estoppel and even fail to identify which theory of estoppel they assert. For the first time in their responsive briefing, Defendants describe the basis for this defense is misrepresentation and reasonable reliance upon the "No Ownership Provision" of the Domain Name Registration Agreement entered by the

1   parties. (Resp. at 4–5.) While Defendants now offer a factual basis, it is axiomatic that
2   arguments raised in a party's briefing "do not supplant what has (and has not) been
3   alleged . . ." *Ohler v. Nampa Police Dep't*, No. 1:24-cv-00317-REP, 2025 U.S. Dist.
4   LEXIS 18140, at *8 (D. Idaho Jan. 31, 2025) (citing *Schneider v. California Dep't of*
5   *Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)). The Court strikes this affirmative
6   defense and grants Defendants leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th
7   Cir. 2000).

        **B.**    *Fourth Affirmative Defense: Mutual Mistake*

9   Defendants' fourth affirmative defense states that "Plaintiffs' purchases of the
10  registrations for the domain names calor.com and/or butane.com were based on a mutual
11  mistake." (Am. Ans. at 30.) Defendants' assertion of mutual mistake must be taken in
12  context with the Plaintiffs' Complaint, which allege that Defendants failed to adequately
13  verify the eligibility of those domain names before selling them, represented to Plaintiffs
14  that those domain names could be sold, then informed Plaintiffs that they erred by selling
15  those domain names. (Compl. ¶¶ 77–81, 109; Doc. 1-1 at 111, 126, 144.) In other words,
16  Plaintiffs allege that Defendants were mistaken, and Plaintiffs relied on Defendants'
17  incorrect assumption. Against those factual allegations, Defendants' assertion of mutual
18  mistake is not random nor unexpected. Further, the parties briefed the purported error in
19  relation to Defendants' Motion to Dismiss (*see* Docs. 40, 44, 47), suggesting Plaintiffs
20  understood Defendants' claim that some kind of mistake occurred. (*See* Doc. 52 at 23–24
21  ("The crux of this case is Defendants' assertion that they rescinded Plaintiffs' domain
22  names to correct some sort of an error").) As read in context of Plaintiffs' Complaint,
23  Defendants' Amended Answer, and the parties earlier briefing, Plaintiffs had fair notice of
24  the nature and grounds for a mutual mistake affirmative defense and so the Court declines
25  to strike it.

        **C.**    *Fifth Affirmative Defense: Failure to Mitigate*

27  Defendants assert that "Plaintiffs' claims are barred in whole or in part because
28  Plaintiffs failed to take actions to mitigate their damages." (Am. Ans. at 30.) A generalized

statement is enough to provide fair notice for this particular defense. *See Mollica,* 2021 WL 2853863, at *6 ("A generalized statement . . . gives fair notice of an affirmative defense based on an allegation that plaintiff did not mitigate her damages."). Here, Plaintiffs are put on sufficient notice that the damages as alleged in their Complaint will be investigated for mitigation. At this stage, when "discovery has barely begun, the failure to mitigate defense is sufficiently pleaded without additional facts." *L.F. by & through Brown v. City of Stockton*, No. 2:17-CV-01648-KJM-DB, 2018 WL 3817558, at *4 (E.D. Cal. Aug. 10, 2018). Accordingly, the Court declines to strike this affirmative defense.

### D. *Sixth Affirmative Defense: Intervening or Superseding Cause*

Defendants assert that "Plaintiffs' claims are barred in whole or in part because someone other than Defendants caused the alleged harm suffered by Plaintiffs." (Am. Ans. at 30.) Plaintiffs argue this defense should be stricken because it is a "legal conclusion." (MTS at 4.) Contrary to Plaintiffs' position, this affirmative defense—along with other proximate cause defenses—need only provide a clear statement of the defense and need not identify the third party that proximately caused the injury because "details concerning the factual basis for the defense can be obtained through discovery." *G & G Closed Cir. Events, LLC v. Mitropoulos*, No. 12-CV-0163-PHX DGC, 2012 WL 3028368, at *2 (D. Ariz. July 24, 2012). Here, Defendants' assertion of this defense, albeit general, is sufficient given Plaintiffs' own factual allegations in this matter. Those allegations are that the actions and policies of non-party 123-Reg[2] caused, at least to some extent, the injury upon which Plaintiffs now sue. (*See, e.g.*, Compl. ¶¶ 21–25, 28–29, 51, 121, 136.) For the Defendants to now assert that someone other than Defendants caused Plaintiffs' injuries is not unexpected. As read in the context of the parties' pleadings as a whole, Plaintiffs had fair notice of the nature and grounds for an intervening or superseding cause defense and the Court declines to strike it.

. . .

. . .

---

[2] The Court recently dismissed 123-Reg as a party to this suit for lack of personal jurisdiction. (Doc. 52.)

- 6 -

### E.     *Seventh Affirmative Defense: Comparative or Contributory Fault*

Defendants assert that "Plaintiffs' claims are barred in whole or in part due to their own negligence, actions, or inactions, or the comparative fault of others." (Am. Ans. at 30.) Plaintiffs argue that Defendants fail to give fair notice because they do not identify the specific actions, inactions or fault taken by Plaintiffs or others. (MTS at 4–5.)

As relating to the comparative fault defense, Plaintiffs' own factual allegations suggest that the actions and policies of non-party 123-Reg caused some injury to Plaintiffs, so it is no surprise that Defendants seek to reduce their fault comparatively. (*See, e.g.*, Compl. ¶¶ 21–25, 28–29, 51, 121, 136.) Additionally, at this stage of litigation when discovery has barely begun, there is no need to allege specific parties, nor actions by the plaintiffs. *See, e.g., G & G Closed Cir. Events LLC v. Mayer*, No. CV-24-00887-PHX-ROS, 2024 WL 4534470, at *5 (D. Ariz. Oct. 21, 2024) (declining to strike comparative fault defense despite not naming specific actions by plaintiffs or other parties).

Plaintiffs alternatively argue that a comparative fault defense is legally insufficient because it is inapplicable to defend a breach of contract claim. But Plaintiffs also assert tort claims against Defendants (Compl. at 26, 27), which a comparative fault defense would affect, *see Hinshaw v. United States*, 264 F. Supp. 3d 1026, 1039 (D. Ariz. 2017) (citing *Ryan v. San Francisco Peaks Trucking Co.*, 228 Ariz. 42, 48 (Ct. App. 2011)). As Plaintiffs have fair notice of this defense and it is legally sufficient, the Court will not strike it.

The contributory fault defense, on the other hand, is far more disconnected from the parties' pleadings. Defendants do not identify, nor could the Court find, any specific factual allegations in the Complaint or Amended Answer that provide even a semblance of a contributory fault defense. Where affirmative defenses are made as "[g]eneralized references to a legal doctrine or a statute," those defenses "normally fall short of [the pleading] standard unless they rely on a well-known defense whose applicability is clear in context." *Mollica*, 2021 WL 2853863, at *1. While contributory negligence is a well-known affirmative defense, *Schmitz v. Asman*, No. 2:20-cv-00195-DAD-CKD, 2023 U.S. Dist. LEXIS 44486, at *12 (E.D. Cal. Mar. 16, 2023), the applicability of this defense is

not clear in the context of the parties' pleadings and Defendants provide no helpful explanation in briefing this issue. The Court will therefore strike the contributory negligence defense with leave to amend. *Lopez*, 203 F.3d at 1130.

### F. *Eighth Affirmative Defense: Accord and Satisfaction*

Defendants assert that "Plaintiffs' claims are barred in whole or in part under the doctrine of accord and satisfaction because GoDaddy offered, and Plaintiffs accepted and purchased additional services using, in-store credit to fully and finally resolve any dispute regarding the conduct of which Plaintiffs now complain." (Am. Ans. at 30.) Plaintiffs argue that this defense should be stricken because Defendants provide no evidence or other information "to back up these conclusions which are on their face patently false." (MTS at 5.) Requiring evidence to prove whether an allegation is incorrect is wholly inappropriate at this stage, and Plaintiffs provide no authority or rule that permits this evidentiary demand to satisfy a pleading standard. The Court declines to strike this affirmative defense.

### G. *Ninth Affirmative Defense: Failure to Join Parties*

Defendants assert that Plaintiffs' claims "must be dismissed in whole or in part for failure to join parties that are necessary and/or indispensable pursuant to Rule 19 of the Federal Rules of Civil Procedure, including (but not limited to) the prior and/or current registrant(s) of the calor.com and/or butane.com domain names and the registrar(s) of the calor.com and/or butane.com domain names." (Am. Ans. at 31.) Plaintiffs argue that this defense should be stricken because Defendants do not provide "the reasons for nonjoinder" in violation of Federal Rule of Civil Procedure 19(c), and "fails to explain how or why these parties are necessary." (MTS at 5.)

Rule 19(c) governs pleading standards for "claim[s] for relief," not affirmative defenses. The proper rule here is Rule 8(c), which the Ninth Circuit has interpreted to require fair notice for affirmative defenses. *Wyshak*, 607 F.2d at 827. Defendants' assertion of this defense is sufficient given Plaintiffs' own factual allegations and demands in this matter. Plaintiffs ask for injunctive relief, demanding that Defendants return the Domains to the Plaintiffs. (*See* Compl. ¶¶ B–C.) But, as noted by Defendants, the current owners of

- 8 -

the Domains are not part of the suit. (Resp. at 8–9.) By identifying the current owners of the Domains in asserting this defense, Defendants put Plaintiffs on sufficient notice that joinder as to those individuals or entities may be an issue. Accordingly, the Court declines to strike this affirmative defense.

### H. Eleventh Affirmative Defense: Unclean Hands

Defendants assert that "Plaintiffs' claims are barred in whole or in part because Plaintiffs have unclean hands." (Am. Ans. at 31.) Plaintiffs argue that this defense should be stricken because Defendants "merely name[] the defense without alleging any facts to support it – i.e., what conduct by Plaintiffs constitutes 'unclean hands.'" (MTS at 6.) Plaintiffs also argue allowing this affirmative defense could prejudice them by potentially "expanding discovery into vague or irrelevant areas." (MTS at 7:13–14.) The Court agrees with Plaintiffs.

In their Amended Answer, Defendants do not identify what conduct by Plaintiffs provide a basis for unclean hands. The Complaint provides no clues, either. For the first time in their responsive briefing, Defendants describe the basis for this defense is that Plaintiffs breached the "No Ownership Provision" of the Domain Name Registration Agreement entered by the parties. (Resp. at 9.) Without this explanation, Plaintiffs would have had no ability to adequately prepare a rebuttal to this defense. While Defendants now provide an adequate factual basis for this defense, Defendants' briefing "do[es] not supplant what has (and has not) been alleged . . ." *Ohler*, 2025 U.S. Dist. LEXIS 18140, at *8 (citing *Schneider*, 151 F.3d at 1197 n.1). The Court therefore strikes this affirmative defense and grants Defendants leave to amend. *Lopez*, 203 F.3d at 1130.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiffs' Motion to Strike Affirmative Defenses (Doc. 67).

**IT IS FURTHER ORDERED** striking Affirmative Defenses 1, the part of 7 addressing contributory negligence, and 11 from Defendant's [sic] GoDaddy Inc. and GoDaddy.com, LLC's Amended Answer to Complaint (Doc. 65) with leave to amend.

. . .

**IT IS FURTHER ORDERED** that, no later than fourteen days from the date of this Order, Defendants may file an amended answer and a separate Notice of Filing Amended Answer with an attached redlined copy showing the changes between the Answer and the amendment.

Dated this 1st day of December, 2025.

Honorable John J. Tuchi
United States District Judge