1  Jeffrey M. Monhait, AZ Bar No. 038707
   COZEN O'CONNOR
2  3WTC, 175 Greenwich Street
   55th Floor
3  New York, NY 10007
   Telephone: (215) 665-2084
4  Email:    jmonhait@cozen.com

5  Robert S. Clark (Admitted *Pro Hac Vice*)
   COZEN O'CONNOR
6  1650 Market Street, Suite 2800
   Philadelphia, PA 19103
7  Telephone: (215) 665-2041
   Email:    robertclark@cozen.com

8
   Attorneys for Defendants
9  GoDaddy Inc. and GoDaddy.com, LLC

10              UNITED STATES DISTRICT COURT

11                 DISTRICT OF ARIZONA

12
   Prime Loyalty, LLC a New York limited        Case No.: 2:24-cv-03359-JJT
13 liability company, Crisby Studio AB, a
   Swedish limited liability company, and       **DEFENDANTS GODADDY INC.**
14 Niklas Thorin, a Swedish resident,           **AND GODADDY.COM, LLC'S**
                                                **SECOND AMENDED ANSWER TO**
15              Plaintiffs,                      **COMPLAINT**

16       v.

17 GoDaddy, Inc. a Delaware corporation,
   GoDaddy.com, LLC, a Delaware corporation,
18 and 123-Reg Limited, a UK company,

19              Defendants.

20

21

22

23

24

25

26

27

28

Defendants GoDaddy.com, LLC ("GoDaddy") and GoDaddy Inc. (collectively, "Defendants") hereby submit their Second Amended Answer to the allegations in the Complaint (Doc. 1) of Plaintiffs Prime Loyalty, LLC; Crisby Studio AB; and Niklas Thorin (collectively, "Plaintiffs"). The paragraphs of the Complaint are grouped under headings and subheadings that state legal conclusions as to which no response is required, and to the extent any response is required, Defendants deny any allegations contained within such headings or subheadings. Except as explicitly admitted herein, each and every allegation of the Complaint is denied. All paragraphs and footnotes referenced herein refer to paragraphs and footnotes of the Complaint unless otherwise indicated. Defendants further answer the numbered paragraphs of the Complaint on personal knowledge as to their own respective activities, and on information and belief as to the activities of others, as follows:

## RESPONSE TO PLAINTIFFS' INTRODUCTION

1.      The allegations in paragraph 1 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 1.

2.      The allegations in paragraph 2 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 2.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS AS TO "PARTIES"

3.      Defendants lack sufficient information to admit or deny the allegations in paragraph 3 and, thus, they are denied.

4.      Defendants lack sufficient information to admit or deny the allegations in paragraph 4 and, thus, they are denied.

5.      Defendants lack sufficient information to admit or deny the allegations in paragraph 5 and, thus, they are denied.

6.      Admitted that GoDaddy Inc. is incorporated in Delaware and has its principal place of business in Arizona. As set forth in GoDaddy's Corporate and Diversity Disclosure Statements (Doc. 26), GoDaddy is an indirect subsidiary of GoDaddy Inc., as GoDaddy Inc.

is the sole member of GoDaddy's corporate grandparent. As set forth in 123-Reg Limited's ("123-Reg") Corporate and Diversity Disclosure Statement (Doc. 28), 123-Reg is an indirect subsidiary of GoDaddy Inc., and nine intermediate corporate entities separate 123-Reg from GoDaddy Inc. The remaining allegations in paragraph 6 are denied.

7.    Admitted that GoDaddy is incorporated in Delaware and has its principal place of business in Arizona. As set forth in GoDaddy's Corporate and Diversity Disclosure Statements (Doc. 26), GoDaddy is an indirect subsidiary of GoDaddy Inc., as GoDaddy Inc. is the sole member of GoDaddy's corporate grandparent. Admitted that GoDaddy is a domain name registrar accredited by the Internet Corporation Names for Assigned Names and Numbers ("ICANN") pursuant to an agreement with ICANN. Admitted that, as a registrar, GoDaddy manages the reservation of domain names registered through it by members of the public. Admitted that GoDaddy provides domain services in connection with domains that have not been previously registered, and domains that have been previously registered. The latter category is referred to as aftermarket domains. One component of GoDaddy's aftermarket domain services is GoDaddy Auctions, a venue to facilitate the purchase and sale of currently registered domain names and expiring domain names. The remaining allegations in paragraph 7 are denied.

8.    The allegations in paragraph 8 do not require a response because 123-Reg has been dismissed from this litigation. *See* Doc. 52. To the extent a response is deemed necessary, admitted that 123-Reg is a domain name registrar and that, to the extent expired domain names previously registered with 123-Reg are made available via auction, such expired domain names would be made available on GoDaddy's auction platform. As set forth in 123-Reg's Corporate and Diversity Disclosure Statement (Doc. 28), 123-Reg is an indirect subsidiary of GoDaddy Inc., and nine intermediate corporate entities separate 123-Reg from GoDaddy Inc. The remaining allegations in paragraph 8 are denied.

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S SECOND AMENDED ANSWER TO COMPLAINT**

## RESPONSE TO PLAINTIFFS' ALLEGATIONS AS TO "JURISDICTION AND VENUE"

9.      Admitted that Defendants are both incorporated in Delaware and have their principal places of business in Arizona. The remaining allegations in paragraph 9 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 9.

10.      The allegations in paragraph 10 do not require a response because 123-Reg has been dismissed from this litigation. *See* Doc. 52. To the extent a response is deemed necessary, admitted that one of 123-Reg's two directors is also a GoDaddy officer.[1] As set forth in 123-Reg's Corporate and Diversity Disclosure Statement (Doc. 28), 123-Reg is an indirect subsidiary of GoDaddy Inc., and nine intermediate corporate entities separate 123-Reg from GoDaddy Inc. The remaining allegations in paragraph 10 either purport to characterize the contents of documents, which, being in writing, speak for themselves, or consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 10. For clarity, Defendants respond separately to the allegations in paragraph 10 of Plaintiffs' purported Jurisdictional Supplement to Complaint (Doc. 33) in a distinct section, *infra*.

11.      Defendants lack sufficient information to admit or deny the allegations in paragraph 11 and, thus, they are denied. For clarity, Defendants respond separately to the allegations in paragraph 11 of Plaintiffs' purported Jurisdictional Supplement to Complaint (Doc. 33) in a distinct section, *infra*.

---

[1] As to the allegations in Plaintiffs' footnote 1, admitted only that GoDaddy appointed a new Chief Accounting Officer in November 2024 and that the new Chief Accounting Officer replaced Nicholas Daddario, who was formerly the Chief Accounting Officer. Defendants lack sufficient information to admit or deny the allegations that, as of the date of filing of the Complaint, no official change had been made in the United Kingdom's "Companies House" or that the United Kingdom's "Companies House" maintains the official records of companies in the United Kingdom and, thus, they are denied. The remaining allegations in Plaintiffs' footnote 1 are denied.

12.     Defendants lack sufficient information to admit or deny the allegations in paragraph 12 and, thus, they are denied. For clarity, Defendants respond separately to the allegations in paragraph 12 of Plaintiffs' purported Jurisdictional Supplement to Complaint (Doc. 33) in a distinct section, *infra*.

13.     The allegations in paragraph 13 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 13.

14.     The allegations in paragraph 14 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 14.

**RESPONSE TO PLAINTIFFS' ALLEGATIONS AS TO "BACKGROUND"**

15.     Admitted that GoDaddy is an ICANN-accredited domain name registrar. The remaining allegations in paragraph 15 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 15.[2, 3]

16.     The allegations in paragraph 16 purport to characterize the contents of documents, including an unattached and unspecified version of the Registrar Accreditation Agreement ("RAA") with ICANN, which, being in writing, speak for themselves, and no

---

[2] As to the allegations in Plaintiffs' footnote 2, the allegations in footnote 2 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in footnote 2.

[3] As to the allegations in Plaintiffs' footnote 3, the allegations in footnote 3 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in footnote 3.

response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 16.[4]

17. Admitted that an entity that provides domain name registration services may provide services other than domain name registration services. Defendants lack sufficient information to admit or deny the allegations in paragraph 17 regarding services offered by domain name registrars other than GoDaddy (and the frequency with which such services are offered) and, thus, such allegations are denied. The remaining allegations in paragraph 17 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 17.

18. The allegations in paragraph 18 purport to characterize the contents of documents, including an unattached and unspecified version of the RAA with ICANN, which, being in writing, speak for themselves, and consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 18.[5]

***Response to Plaintiffs' Allegations as to "Defendants' Expiring Domains Auction Service"***

19. Admitted only that 123-Reg was the registrar of the domain names calor.com and butane.com (the "Domains"). The remaining allegations in paragraph 19 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 19. By way of further response, domain names are not "owned." Rather, they are registered for a period of time, subject to renewal. Additionally, Plaintiffs failed to allege what "Domin Name" [sic] is at issue

---

[4] As to the allegations in Plaintiffs' footnote 4, the allegations in footnote 4 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in footnote 4.

[5] As to the allegations in Plaintiffs' footnote 5, the allegations in footnote 5 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in footnote 5.

in paragraph 19, and as a result, Defendants lack sufficient information to admit or deny the allegations in paragraph 19 and, thus, they are denied.

20.     The allegations in paragraph 20 do not require a response because 123-Reg has been dismissed from this litigation. *See* Doc. 52. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph 20. By way of further response, Plaintiffs failed to allege which entity purportedly "acquired" 123-Reg, and Defendants are not aware of any entity named "Host Entertainment Group."

21.     The allegations in this paragraph do not require a response because 123-Reg has been dismissed from this litigation. *See* Doc. 52. To the extent a response is deemed necessary, the allegations in paragraph 21 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 21.

22.     The allegations in this paragraph do not require a response because 123-Reg has been dismissed from this litigation. *See* Doc. 52. To the extent a response is deemed necessary, the allegations in paragraph 22 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 22.

23.     The allegations in this paragraph do not require a response because 123-Reg has been dismissed from this litigation. *See* Doc. 52. To the extent a response is deemed necessary, the allegations in paragraph 23 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 23.

24.     The allegations in this paragraph do not require a response because 123-Reg has been dismissed from this litigation. *See* Doc. 52. To the extent a response is deemed necessary, the allegations in paragraph 24 purport to characterize the contents of documents, which, being

in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 24.

25.    The allegations in this paragraph do not require a response because 123-Reg has been dismissed from this litigation. *See* Doc. 52. To the extent a response is deemed necessary, the allegations in paragraph 25 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants lack sufficient information to admit or deny the allegations in paragraph 25 and, thus, they are denied.

26.    Admitted only that, to the extent expired domain names previously registered with 123-Reg are made available via auction, such expired domain names would be made available on GoDaddy's auction platform. The remaining allegations in paragraph 26 are denied.

27.    Admitted only that GoDaddy's auction services are offered, in part, via a website located at http://auctions.godaddy.com. The remaining allegations in paragraph 27 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 27.[6]

### *Response to Plaintiffs' Allegations as to "The Domain Names"*

28.    Admitted only that the Domains expired on or about February 25, 2024. Defendants deny the remaining allegations contained in paragraph 28.

29.    Admitted only that the Domains were not renewed within fifteen (15) days after the expiration date. Denied that the Domains were made available on GoDaddy's auction platform on March 10, 2024. The remaining allegations in paragraph 29 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is

---

[6] As to the allegations in Plaintiffs' footnote 6, the allegations in footnote 6 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in footnote 6.

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S SECOND AMENDED ANSWER TO COMPLAINT**

1  required to such characterizations. To the extent a response is deemed necessary, Defendants

2  deny the remaining allegations contained in paragraph 29.

3      30.    Admitted only that, on or about March 26, 2024, the registrant information for

4  the Domains identified "Afternic, LLC" as the registrant of the Domains. The remaining

5  allegations in paragraph 30 purport to characterize the contents of documents, which, being in

6  writing, speak for themselves, and no response is required to such characterizations. To the

7  extent a responses is deemed necessary, Defendants deny the remaining allegations contained

8  in paragraph 30.

9              ***Response to Plaintiffs' Allegations as to "Calor.com"***

10     31.    Admitted only that Niklas Thorin is listed as the customer of record for the

11  GoDaddy account with Shopper ID: 41750938. Admitted only that the GoDaddy account with

12  Shopper ID: 41750938 placed a bid on the domain name calor.com on or about March 31,

13  2024. Defendants deny the remaining allegations in paragraph 31.

14     32.    The allegations in paragraph 32 purport to characterize the contents of

15  documents, which, being in writing, speak for themselves, and consist of legal conclusions to

16  which no response is required. To the extent a response is deemed necessary, Defendants deny

17  the allegations contained in paragraph 32.

18     33.    Admitted only that the GoDaddy account with Shopper ID: 41750938 made a

19  payment of $11,427.17, consisting of $11,405.00 associated with the auction for calor.com

20  and $22.17 (inclusive of an ICANN fee of $0.18) for the domain name registration renewal of

21  the domain name calor.com, on or about April 5, 2024. The remaining allegations in paragraph

22  33 purport to characterize the contents of documents, which, being in writing, speak for

23  themselves, and no response is required to such characterizations. To the extent a response is

24  deemed necessary, Defendants deny the remaining allegations contained in paragraph 33.

25     34.    Admitted only that the GoDaddy account with Shopper ID: 41750938 modified

26  certain DNS settings for the domain name calor.com on or about April 8, 2024. Denied that

27  Plaintiff Niklas Thorin "owns" or "owned" the domain name calor.com or that domain names

28

1  are property capable of being "owned." Defendants lack sufficient information to admit or

2  deny the remaining allegations in paragraph 34 and, thus, they are denied.

3      35.    Defendants lack sufficient information to admit or deny the allegations in

4  paragraph 35 and, thus, they are denied.

5      36.    Defendants lack sufficient information to admit or deny the allegations in

6  paragraph 36 and, thus, they are denied.

7      37.    Defendants lack sufficient information to admit or deny the allegations in

8  paragraph 37 and, thus, they are denied.

9              ***Response to Plaintiffs' Allegations as to "Butane.com"***

10     38.    The allegations in paragraph 38 purport to characterize the contents of

11 documents, which, being in writing, speak for themselves, and no response is required to such

12 characterizations. To the extent a response is deemed necessary, Defendants deny the

13 allegations contained in paragraph 38.

14     39.    Defendants lack sufficient information to admit or deny the allegations in

15 paragraph 39 and, thus, they are denied.

16     40.    Admitted only that, prior to the close of the auction on March 31, 2024, the

17 GoDaddy account with Shopper ID: 5894565, which listed "Prime Loyalty LLC" as the

18 "Company" associated with the account, submitted a bid for the domain name butane.com in

19 the amount of $19,755.00. The remaining allegations in paragraph 40 purport to characterize

20 the contents of documents, which, being in writing, speak for themselves, and no response is

21 required to such characterizations. To the extent a response is deemed necessary, Defendants

22 deny the remaining allegations contained in paragraph 40.

23     41.    Admitted only that the GoDaddy account with Shopper ID: 5894565 made a

24 payment of $19,765.43, consisting of $19,755.00 associated with the auction for "butane.com"

25 and $10.43 (inclusive of an ICANN fee of $0.18) for the domain name registration renewal of

26 the domain name butane.com, on or about March 31, 2024. The remaining allegations in

27 paragraph 41 purport to characterize the contents of documents, which, being in writing, speak

28

for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 41.

42.     Admitted only that the GoDaddy account with Shopper ID: 5894565 purchased the following services for the following amounts on April 7, 2024: (1) "Full Domain Protection" on the domain name butane.com for $8.84; (2) the renewal of "Full Domain Protection" on the domain name butane.com for an additional nine (9) years for $116.91; (3) the domain name registration renewal of the domain name butane.com for nine (9) years for $93.87 (inclusive of an ICANN fee for $1.62); (4) a one-time fee to purchase the domain name registration of butane.org for $5,000.00; (5) the domain name registration for one (1) year of the domain name butane.org for $12.17 (inclusive of an ICANN fee of $0.18); (6) a one-time fee to purchase the domain name registration of butane.net for $1,999.00; and (7) the domain name registration for one (1) year of the domain name butane.net for $13.17 (inclusive of an ICANN fee of $0.18). Denied that Plaintiff Prime Loyalty, LLC "owns" or "owned" the domain name butane.com or that domain names are property capable of being "owned." The remaining allegations in paragraph 42 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 42.

43.     Admitted only that the GoDaddy account with Shopper ID: 5894565 modified certain DNS settings for the domain name butane.com on or about April 7, 2024. The remaining allegations in paragraph 43 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants lack sufficient information to admit or deny the allegations in paragraph 43 and, thus, they are denied.

44.     The allegations in paragraph 44 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S SECOND AMENDED ANSWER TO COMPLAINT**

characterizations. To the extent a response is deemed necessary, Defendants lack sufficient information to admit or deny the allegations in paragraph 44 and, thus, they are denied.[7]

45.    Defendants lack sufficient information to admit or deny the allegations in paragraph 45 and, thus, they are denied.

### Response to Plaintiffs' Allegations as to "Defendants' Unauthorized Transfer of Domain Names"

46.    The allegations in paragraph 46 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 46.

47.    The allegations in paragraph 47 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 47.

48.    The allegations in paragraph 48 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 48.

49.    The allegations in paragraph 49 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 49.

50.    Admitted only that, on June 4, 2024, GoDaddy returned the Domains to the original registrant of the Domains. Admitted only that GoDaddy provided the GoDaddy account with Shopper ID: 5894565 with a full refund for all services related to the registration of the domain name butane.com and additional in-store credit of $7,350. Admitted only that

---

[7] As to the allegations in Plaintiffs' footnote 7, denied that Defendants "t[ook] down" "content that was developed for Butane.com" from an unspecified location. Defendants lack sufficient information to admit or deny the remaining allegations in footnote 7 and, thus, they are denied.

GoDaddy provided the GoDaddy account with Shopper ID: 41750938 with a full refund for all services related to the domain name registration of the domain name calor.com and additional in-store credit of $350. Denied that Plaintiff Crisby Studio AB "owns" or "owned" the domain name calor.com or that domain names are property capable of being "owned." The remaining allegations in paragraph 50 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 50.

51.    The allegations in paragraph 51 do not require a response because 123-Reg has been dismissed from this litigation. *See* Doc. 52. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 51.

52.    The allegations in paragraph 52 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 52.

53.    The allegations in paragraph 53 regarding 123-Reg do not require a response because 123-Reg has been dismissed from this litigation. *See* Doc. 52. To the extent a response to such allegations is deemed necessary, Defendants deny the allegations regarding 123-Reg contained in paragraph 53. The remaining allegations in paragraph 53 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 53.

54.    Admitted only that GoDaddy returned the Domains to the original registrant of the Domains, and Plaintiffs could no longer use the Domains. Denied that Plaintiffs "own" or "owned" the domain names calor.com and/or butane.com or that domain names are property capable of being "owned." Defendants deny the remaining allegations in paragraph 54.

55.    The allegations in paragraph 55 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 55.

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S SECOND AMENDED ANSWER TO COMPLAINT**

56.    The allegations in paragraph 56 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 56.

57.    The allegations in paragraph 57 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 57.

58.    Admitted only that GoDaddy did not transfer the domain name calor.com back to one or more Plaintiffs after GoDaddy returned that registration to the original registrant. The remaining allegations in paragraph 58 either purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations, or constitute legal conclusion and argument to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 58.

59.    Defendants deny the allegations contained in paragraph 59.

60.    Defendants deny the allegations contained in paragraph 60.

61.    Admitted only that, on or about August 5, 2024, GoDaddy received a document from Plaintiff Prime Loyalty, LLC. The remaining allegations in paragraph 61 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 61 and, thus, they are denied.

62.    Defendants deny the allegations contained in paragraph 62.

**DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' FIRST CLAIM**

Plaintiffs' First Claim for Relief for trespass to chattel has been dismissed with prejudice as to GoDaddy. *See* Doc. 52 at 29:24-25 ("The tort claims are dismissed as to GoDaddy[.com], LLC only."). Therefore, no response is required from GoDaddy, and solely

GoDaddy Inc. responds to paragraphs 63-70. To the extent a response from GoDaddy is deemed necessary, GoDaddy responds identically to GoDaddy Inc.

63.    Defendants hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

64.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied. By way of further response, Plaintiffs failed to identify which "Defendants" are at issue in this paragraph.

65.    This paragraph includes legal conclusion and argument to which no response is required. This paragraph also purports to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent this paragraph contains factual allegations, those allegations are denied.

66.    The allegations in paragraph 66 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 66.

67.    This paragraph includes legal conclusion and argument to which no response is required. This paragraph also purports to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent this paragraph contains factual allegations, those allegations are denied.

68.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

69.    Defendants deny the allegations contained in paragraph 69. By way of further response, Plaintiffs failed to identify which "Defendants" are at issue in this paragraph.

70.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

**DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' SECOND CLAIM**

71.     Defendants hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

72.     Plaintiffs' Second Claim for Relief for gross negligence has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for gross negligence … are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

73.     Plaintiffs' Second Claim for Relief for gross negligence has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for gross negligence … are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

74.     Plaintiffs' Second Claim for Relief for gross negligence has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for gross negligence … are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

75.     Plaintiffs' Second Claim for Relief for gross negligence has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for gross negligence … are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

76.     Plaintiffs' Second Claim for Relief for gross negligence has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for gross negligence … are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

## DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' THIRD CLAIM

Plaintiffs' Third Claim for Relief for negligence has been dismissed with prejudice as to GoDaddy. *See* Doc. 52 at 29:24-25 ("The tort claims are dismissed as to GoDaddy[.com], LLC only."). Therefore, no response is required from GoDaddy, and solely GoDaddy Inc. responds to paragraphs 77-81. To the extent a response from GoDaddy is deemed necessary, GoDaddy responds identically to GoDaddy Inc.

77.     Defendants hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

78.     This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

79.     This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

80.     This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

81.     This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

## DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' FOURTH CLAIM

Plaintiffs' Fourth Claim for Relief for negligent misrepresentation has been dismissed with prejudice as to GoDaddy. *See* Doc. 52 at 29:24-25 ("The tort claims are dismissed as to GoDaddy[.com], LLC only."). Therefore, no response is required from GoDaddy, and solely GoDaddy Inc. responds to paragraphs 82-87. To the extent a response from GoDaddy is deemed necessary, GoDaddy responds identically to GoDaddy Inc. Additionally, Defendants

1 note that paragraphs 82-87 refer to a single unidentified "Defendant," and Plaintiffs failed to

2 allege which "Defendant" is at issue in these paragraphs.

3     82.    Defendants hereby incorporate by reference the preceding paragraphs as though

4 set forth fully herein.

5     83.    This paragraph includes legal conclusion and argument to which no response is

6 required. To the extent this paragraph contains factual allegations, those allegations are denied.

7     84.    This paragraph includes legal conclusion and argument to which no response is

8 required. To the extent this paragraph contains factual allegations, those allegations are denied.

9     85.    This paragraph includes legal conclusion and argument to which no response is

10 required. To the extent this paragraph contains factual allegations, those allegations are denied.

11     86.    This paragraph includes legal conclusion and argument to which no response is

12 required. To the extent this paragraph contains factual allegations, those allegations are denied.

13     87.    This paragraph includes legal conclusion and argument to which no response is

14 required. To the extent this paragraph contains factual allegations, those allegations are denied.

15 **DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' FIFTH CLAIM**

16     88.    Defendants hereby incorporate by reference the preceding paragraphs as though

17 set forth fully herein.

18     89.    Plaintiffs' Fifth Claim for Relief for estoppel has been dismissed with prejudice.

19 *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for … estoppel … are

20 dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is

21 required. To the extent a response is required, the allegations in this paragraph include legal

22 conclusion for which no response is required. To the extent this paragraph contains factual

23 allegations and a response is required, those allegations are denied.

24     90.    Plaintiffs' Fifth Claim for Relief for estoppel has been dismissed with prejudice.

25 *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for … estoppel … are

26 dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is

27 required. To the extent a response is required, the allegations in this paragraph include legal

28

conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

91.    Plaintiffs' Fifth Claim for Relief for estoppel has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for … estoppel … are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

92.    Plaintiffs' Fifth Claim for Relief for estoppel has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for … estoppel … are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

**DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' SIXTH CLAIM**

Plaintiffs' Sixth Claim for Relief for breach of contract as to GoDaddy's Auctions Membership Agreement ("AMA") has been dismissed as to GoDaddy Inc. *See* Doc. 60 at 1:25 ("Plaintiffs' contract claims against GoDaddy, Inc. are dismissed."). Therefore, no response is required from GoDaddy Inc., and solely GoDaddy responds to paragraphs 93-103. To the extent a response from GoDaddy Inc. is deemed necessary, GoDaddy Inc. responds identically to GoDaddy.

93.    Defendants hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

94.    Admitted only that, as part of the purchase process for GoDaddy's products or services on GoDaddy's website, on the check-out page, immediately below the "Complete Purchase" button, there is conspicuous text stating "By clicking 'Complete Purchase,' you agree to our Terms & Conditions and Privacy policy," and that the text "Terms & Conditions" is underlined and contains hyperlinks to the applicable contracts for the products or services

purchased, including GoDaddy's Universal Terms of Service Agreement ("UTOS"). Admitted only that customers have the ability to click first on the underlined hyperlinks to review the terms of the agreements, and that customers have to click the "Complete Purchase" button, consenting to all the terms of the UTOS and other written agreements identified in the check-out page, in order to complete the purchase. Defendants deny the remaining allegations contained in paragraph 94.

95.    This paragraph includes legal conclusion and argument and/or purported characterizations of documents, which, being in writing, speak for themselves, to which no response is required. To the extent this paragraph contains factual allegations, admitted only that GoDaddy's domain name auction services are governed under the UTOS, DNRA, and AMA, among other applicable agreements. Defendants deny the remaining allegations contained in paragraph 95.

96.    This paragraph includes legal conclusion and argument and/or purported characterizations of documents, which, being in writing, speak for themselves, to which no response is required. To the extent this paragraph contains factual allegations and a response is required, admitted only that Plaintiffs agreed to and are bound by the UTOS, DNRA, and AMA. Defendants deny the remaining allegations contained in paragraph 96.

97.    Admitted only that the GoDaddy account with Shopper ID: 5894565 made a payment of $19,765.43, consisting of $19,755.00 associated with the auction for "butane.com" and $10.43 (inclusive of an ICANN fee of $0.18) for the domain name registration renewal of the domain name butane.com, on or about March 31, 2024. The remaining allegations in paragraph 97 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 97.

98.    Admitted only that the GoDaddy account with Shopper ID: 41750938 made a payment of $11,427.17, consisting of $11,405.00 associated with the auction for calor.com and $22.17 (inclusive of an ICANN fee of $0.18) for the domain name registration renewal of the domain name calor.com, on or about April 5, 2024. The remaining allegations in paragraph

98 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the remaining allegations contained in paragraph 98.

99.    Admitted only that, on or about the dates upon which the GoDaddy accounts with Shopper IDs: 5894565 and 41750938 made payments associated with the auctions of the domain names butane.com and calor.com, respectively, the domain names butane.com and calor.com were available in the GoDaddy accounts with Shopper IDs: 5894565 and 41750938, respectively. Defendants deny the remaining allegations contained in paragraph 99.

100.    This paragraph includes legal conclusion and argument and/or purported characterizations of documents, which, being in writing, speak for themselves, to which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

101.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

102.    This paragraph includes legal conclusion and argument and/or purported characterizations of documents, which, being in writing, speak for themselves, to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied. By way of further response, Plaintiffs failed to identify which "Defendant" or "Defendants" are at issue in this paragraph.

103.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

## DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' SEVENTH CLAIM

Plaintiffs' Seventh Claim for Relief for breach of contract as to GoDaddy's Domain Name Registration Agreement ("DNRA") has been dismissed as to GoDaddy Inc. *See* Doc. 60 at 1:25 ("Plaintiffs' contract claims against GoDaddy, Inc. are dismissed."). Therefore, no response is required from GoDaddy Inc., and solely GoDaddy responds to paragraphs 104-110. To the extent a response from GoDaddy Inc. is deemed necessary, GoDaddy Inc. responds identically to GoDaddy.

104.    Defendants hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

105.    Admitted only that, as part of the purchase process for GoDaddy's products or services on GoDaddy's website, on the check-out page, immediately below the "Complete Purchase" button, there is conspicuous text stating "By clicking 'Complete Purchase,' you agree to our Terms & Conditions and Privacy policy," and that the text "Terms & Conditions" is underlined and contains hyperlinks to the applicable contracts for the products or services purchased, including GoDaddy's UTOS. Admitted only that customers have the ability to click first on the underlined hyperlinks to review the terms of the agreements, and that customers have to click the "Complete Purchase" button, consenting to all the terms of the UTOS and other written agreements identified in the check-out page, in order to complete the purchase. Defendants deny the remaining allegations contained in paragraph 105.

106.    The allegations in paragraph 106 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, admitted only that, as part of the purchase process for GoDaddy's products or services on GoDaddy's website, on the check-out page, immediately below the "Complete Purchase" button, there is conspicuous text stating "By clicking 'Complete Purchase,' you agree to our Terms & Conditions and Privacy policy," and that the text "Terms & Conditions" is underlined and contains hyperlinks to the applicable contracts for the products or services purchased, including GoDaddy's UTOS and, for any customer purchasing domain name services, the DNRA. Admitted only that customers have the ability to click first on the underlined hyperlinks to review the terms of the agreements, and that customers have to click the "Complete Purchase" button, consenting to all the terms of the UTOS, DNRA, and other written agreements identified in the check-out page, in order to complete the purchase. Defendants deny the remaining allegations contained in paragraph 106.

107.    This paragraph includes legal conclusion and argument and/or purported characterizations of documents, which, being in writing, speak for themselves, to which no

response is required. To the extent this paragraph contains factual allegations, admitted only that Plaintiffs agreed to and are bound by the UTOS, DNRA, and AMA. Defendants deny the remaining allegations contained in paragraph 107.

108.    This paragraph includes legal conclusion and argument and/or purported characterizations of documents, which, being in writing, speak for themselves, to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

109.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

110.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

**DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' EIGHTH CLAIM**

Plaintiffs' Eighth Claim for Relief for breach of the implied covenant of good faith and fair dealing in the AMA and DNRA has been dismissed as to GoDaddy Inc. *See* Doc. 60 at 1:25 ("Plaintiffs' contract claims against GoDaddy, Inc. are dismissed."). Therefore, no response is required from GoDaddy Inc., and solely GoDaddy responds to paragraphs 111-115. To the extent a response from GoDaddy Inc. is deemed necessary, GoDaddy Inc. responds identically to GoDaddy.

111.    Defendants hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

112.    This paragraph includes legal conclusion and argument and/or purported characterizations of documents, which, being in writing, speak for themselves, to which no response is required. To the extent this paragraph contains factual allegations, admitted only that the UTOS, DNRA, and AMA are valid and enforceable contracts between GoDaddy and Plaintiffs. Denied that the AMA and DNRA are the only valid and enforceable contracts between GoDaddy and Plaintiffs. To the extent this paragraph contains any other factual allegations, those remaining allegations are denied.

113.    This paragraph includes legal conclusion and argument and/or purported characterizations of documents, which, being in writing, speak for themselves, to which no response is required. To the extent this paragraph contains factual allegations, Defendants lack sufficient information to admit or deny the allegations in paragraph 113 regarding Plaintiffs' potential subjective and unjustified expectations and, thus, they are denied. To the extent this paragraph contains any other factual allegations, those remaining allegations are denied.

114.    Defendants deny the allegations set forth in this paragraph.

115.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

### DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' NINTH CLAIM

Plaintiffs' Ninth Claim for Relief for tortious interference with prospective economic advantage has been dismissed with prejudice as to GoDaddy. *See* Doc. 52 at 29:24-25 ("The tort claims are dismissed as to GoDaddy[.com], LLC only."). Therefore, no response is required from GoDaddy, and solely GoDaddy Inc. responds to paragraphs 116-122. To the extent a response from GoDaddy is deemed necessary, GoDaddy responds identically to GoDaddy Inc.

116.    Defendants hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

117.    The allegations in paragraph 117 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 117. By way of further response, Plaintiffs failed to identify which "Defendants" are at issue in this paragraph.

118.    The allegations in paragraph 118 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 118. By way of further response, Plaintiffs failed to identify which "Defendant" is at issue in this paragraph.

119.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied. By way of further response, Plaintiffs failed to identify which "Defendants" are at issue in this paragraph.

120.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied. By way of further response, Plaintiffs failed to identify which "Defendant" and which "Domain Name" are at issue in this paragraph.

121.    This paragraph includes legal conclusion and argument and/or purported characterizations of documents, which, being in writing, speak for themselves, to which no response is required. Additionally, the allegations in this paragraph do not require a response because (i) 123-Reg has been dismissed from this litigation, *see* Doc. 52, and (ii) Plaintiffs' claim for breach of the AMA has been dismissed as to GoDaddy Inc., *see* Doc. 60 at 1:25 ("Plaintiffs' contract claims against GoDaddy, Inc. are dismissed."). To the extent this paragraph contains factual allegations to which a response is deemed necessary, those allegations are denied.

122.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

## **DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' TENTH CLAIM**

Plaintiffs Niklas Thorin and Crisby Studio AB's Tenth Claim for Relief for tortious interference with contract has been dismissed with prejudice as to GoDaddy. *See* Doc. 52 at 29:24-25 ("The tort claims are dismissed as to GoDaddy[.com], LLC only."). Therefore, no response is required from GoDaddy, and solely GoDaddy Inc. responds to paragraphs 123-128. To the extent a response from GoDaddy is deemed necessary, GoDaddy responds identically to GoDaddy Inc.

123.    Defendants hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

124.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, Defendants lack sufficient information to admit or deny the allegations in paragraph 124 and, thus, they are denied.

125.    The allegations in paragraph 125 purport to characterize the contents of documents, which, being in writing, speak for themselves, and no response is required to such characterizations. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 125.

126.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

127.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

128.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

## DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' ELEVENTH CLAIM

Plaintiffs' Eleventh Claim for Relief for tortious interference with contract was not brought against GoDaddy. Therefore, no response is required from GoDaddy, and solely GoDaddy Inc. responds to paragraphs 129-136. To the extent a response from GoDaddy is deemed necessary, GoDaddy responds identically to GoDaddy Inc.

129.    Defendants hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

130.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

131.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

132.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

133.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

134.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

135.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

136.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

**DEFENDANTS DENY THE ALLEGATIONS IN PLAINTIFFS' TWELFTH CLAIM**

137.    Defendants hereby incorporate by reference the preceding paragraphs as though set forth fully herein.

138.    Plaintiffs' Twelfth Claim for Relief for injunctive relief has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for … injunction are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

139.    Plaintiffs' Twelfth Claim for Relief for injunctive relief has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for … injunction are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

140.    Plaintiffs' Twelfth Claim for Relief for injunctive relief has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for … injunction are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S SECOND AMENDED ANSWER TO COMPLAINT**

141.    Plaintiffs' Twelfth Claim for Relief for injunctive relief has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for … injunction are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

142.    Plaintiffs' Twelfth Claim for Relief for injunctive relief has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for … injunction are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

143.    Plaintiffs' Twelfth Claim for Relief for injunctive relief has been dismissed with prejudice. *See* Doc. 52 at 29:23-24 ("The claims in the Complaint (Doc. 1) for … injunction are dismissed as to the remaining defendants."). Accordingly, no response to this paragraph is required. To the extent a response is required, the allegations in this paragraph include legal conclusion for which no response is required. To the extent this paragraph contains factual allegations and a response is required, those allegations are denied.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS AS TO "PUNITIVE DAMAGES"

144.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

145.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

146.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

147.    This paragraph includes legal conclusion and argument to which no response is required. To the extent this paragraph contains factual allegations, those allegations are denied.

1

## **JURY DEMAND**

2          148.    Defendants deny Plaintiffs are entitled to a jury trial, but also demand a trial by

3    jury in accordance with Rule 38(b) of the Federal Rules of Civil Procedure.

4

## **PRAYER FOR RELIEF**

5          Defendants deny that Plaintiffs are entitled to any relief, and respectfully request that

6    Plaintiffs take nothing by way of their Complaint, and that Defendants be awarded costs,

7    attorneys' fees, and any additional relief the Court deems just and proper.

8

## **RESPONSE TO PLAINTIFFS' JURISDICTIONAL SUPPLEMENT TO**

9

## **COMPLAINT**

10          Plaintiffs' Jurisdictional Supplement to Complaint (Doc. 33) is not a pleading pursuant

11    to Rules 7(a) and 10(a) of the Federal Rules of Civil Procedure and, thus, requires no response.

12    To the extent a response is deemed necessary, except as explicitly admitted herein, each and

13    every allegation of Plaintiffs' Jurisdictional Supplement to Complaint is denied. All

14    paragraphs referenced in this section refer to paragraphs of Plaintiffs' Jurisdictional

15    Supplement to Complaint unless otherwise indicated. To the extent a response is deemed

16    necessary, Defendants further answer the numbered paragraphs of Plaintiffs' Jurisdictional

17    Supplement to Complaint on personal knowledge as to their own respective activities, and on

18    information and belief as to the activities of others, as follows:

19          10.    The allegations in paragraph 10 do not require a response because 123-Reg has

20    been dismissed from this litigation. *See* Doc. 52. To the extent a response is deemed necessary,

21    admitted that one of 123-Reg's two directors is also a GoDaddy officer. As set forth in

22    123-Reg's Corporate and Diversity Disclosure Statement (Doc. 28), 123-Reg is an indirect

23    subsidiary of GoDaddy Inc. and nine intermediate corporate entities separate 123-Reg from

24    GoDaddy Inc. The remaining allegations in paragraph 10 purport to characterize the contents

25    of documents, which, being in writing, speak for themselves, and consist of legal conclusions

26    to which no response is required. To the extent a response is deemed necessary, Defendants

27    deny the remaining allegations contained in paragraph 10.

28

11.    Defendants lack sufficient information to admit or deny the allegations in paragraph 11 and, thus, they are denied.

12.    Defendants lack sufficient information to admit or deny the allegations in paragraph 12 and, thus, they are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants set forth the following affirmative and other defenses, on personal knowledge as to their own actions and on information and belief as to the actions of others. By pleading these defenses, Defendants do not concede that they bear the burden of proof or persuasion on any claim or defense. Defendants reserve the right to assert additional defenses and counterclaims in the event that discovery or further investigation reveals such defenses or counterclaims to be appropriate to the extent permitted by the Federal Rules of Civil Procedure.

### FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel. Specifically, in the DNRA, Plaintiffs agreed to the following provision:

> You acknowledge and agree that registration of a domain name does not create any proprietary right for you, the registrar, or any other person in the name used as a domain name or the domain name registration and that the entry of a domain name in the Registry shall not be construed as evidence or ownership of the domain name registered as a domain name. You shall not in any way transfer or purport to transfer a proprietary right in any domain name registration or grant or purport to grant as security or in any other manner encumber or purport to encumber a domain name registration.

Doc. 1-1, Ex. O, § 2.3. Defendants reasonably relied upon this representation.

Accordingly, Plaintiffs' claims, including (but not limited to) its trespass to chattel claim, are barred in whole or in part by the doctrine of estoppel to the extent they are inconsistent with this representation. Additionally, Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel to the extent that they seek damages caused by their own breach

of the DNRA, including (but not limited to) Plaintiffs' attempts to seek damages caused by their own misrepresentation(s) that they "owned" the Domains.

Plaintiffs' misrepresentation(s) that they "owned" the Domains in violation of the DNRA include, at minimum, the following: (1) Crisby and Thorin's actions as alleged in Paragraphs 36-37 of their Complaint (Doc. 1), if such allegations are true; and (2) Prime's misrepresentations of "ownership" contained in **Exhibit A** to this Second Amended Answer.

### SECOND AFFIRMATIVE DEFENSE

### (Consent/Acquiescence)

Plaintiffs' claims are barred in whole or in part because Plaintiffs consented to the complained of conduct by their actions, words, and promises, including, but not limited to, Plaintiffs' consent to the UTOS, DNRA, and AMA, or because Plaintiffs otherwise acquiesced to the conduct of which they now complain.

### THIRD AFFIRMATIVE DEFENSE

### (Contractual Limitations)

Plaintiffs' claims against GoDaddy and GoDaddy Inc. are barred in whole or in part by the terms, conditions, and/or limitations of liability provisions contained in applicable agreements with GoDaddy, including, but not limited to, the UTOS, DNRA, and AMA.

### FOURTH AFFIRMATIVE DEFENSE

### (Mutual Mistake of Fact)

Plaintiffs' claims are barred in whole or in part because Plaintiffs' purchases of the registrations for the domain names calor.com and/or butane.com were based on a mutual mistake.

For clarity, Plaintiffs agreed to and are bound by the UTOS, DNRA, and AMA, and Defendants do not allege and expressly deny any mutual mistake regarding the UTOS, DNRA, and AMA.

1

### FIFTH AFFIRMATIVE DEFENSE

2

#### (Failure to Mitigate Damages)

3       Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to take actions

4  to mitigate their damages.

5

### SIXTH AFFIRMATIVE DEFENSE

6

#### (Intervening or Superseding Cause)

7       Plaintiffs' claims are barred in whole or in part because someone other than Defendants

8  caused the alleged harm suffered by Plaintiffs.

9

### SEVENTH AFFIRMATIVE DEFENSE

10

#### (Comparative Fault)

11      Plaintiffs' claims are barred in whole or in part due to the comparative fault of others.

12

### EIGHTH AFFIRMATIVE DEFENSE

13

#### (Accord and Satisfaction)

14      Plaintiffs' claims are barred in whole or in part under the doctrine of accord and

15  satisfaction because GoDaddy offered, and Plaintiffs accepted and purchased additional

16  services using, in-store credit to fully and finally resolve any dispute regarding the conduct of

17  which Plaintiffs now complain.

18

### NINTH AFFIRMATIVE DEFENSE

19

#### (Failure to Join Necessary and/or Indispensable Parties)

20      Plaintiffs' claims must be dismissed in whole or in part for failure to join parties that

21  are necessary and/or indispensable pursuant to Rule 19 of the Federal Rules of Civil Procedure,

22  including (but not limited to) the prior and/or current registrant(s) of the calor.com and/or

23  butane.com domain names and the registrar(s) of the calor.com and/or butane.com domain

24  names.

25

26

27

28

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiffs' claims are barred in whole or in part because GoDaddy's and GoDaddy Inc.'s conduct, if any, was undertaken in good faith for legitimate business and economic purposes, including, but not limited to, to correct a mistake made by a domain name registrar.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part because Plaintiffs have unclean hands. Specifically, in the DNRA, Plaintiffs agreed to the following provision:

> You acknowledge and agree that registration of a domain name does not create any proprietary right for you, the registrar, or any other person in the name used as a domain name or the domain name registration and that the entry of a domain name in the Registry shall not be construed as evidence or ownership of the domain name registered as a domain name. You shall not in any way transfer or purport to transfer a proprietary right in any domain name registration or grant or purport to grant as security or in any other manner encumber or purport to encumber a domain name registration.

Doc. 1-1, Ex. O, § 2.3.

Plaintiffs' misrepresentation(s) that they "owned" the Domains in violation of the DNRA include, at minimum, the following: (1) Crisby and Thorin's actions as alleged in Paragraphs 36-37 of their Complaint (Doc. 1), if such allegations are true; and (2) Prime's misrepresentation of "ownership" contained in **Exhibit A** to this Second Amended Answer.

Accordingly, Plaintiffs' prayers for injunctive relief are barred because Plaintiffs have unclean hands as a result of their breach of the DNRA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray for relief as follows:

1.  The Plaintiffs' Complaint (and improper Jurisdictional Supplement to Complaint) be dismissed, with prejudice and in its entirety;

2.  Plaintiffs take nothing by the Complaint, and that judgment be entered against Plaintiffs and in favor of Defendants;

1    3.    Defendants be awarded their costs of suit and reasonable attorneys' fees; and

2    4.    The Court award Defendants such other and further relief as the Court deems

3         just and proper.

4

5    Dated:  December 15, 2025                    **COZEN O'CONNOR**
                                                   Jeffrey M. Monhait
6

7                                                  By:  *s/Jeffrey M. Monhait*
8                                                        Jeffrey M. Monhait
                                                         Robert S. Clark
9
                                                   Attorneys for Defendants
10                                                 GoDaddy Inc. and GoDaddy.com, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S SECOND AMENDED ANSWER TO COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies, under penalty of perjury under the laws of the State of Arizona that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey J. Neuman
JJN SOLUTIONS, LLC
9445 Brenner Ct.
Vienna, VA 22180
(202) 549-5079
jeff@jjnsolutions.com

Isacc S. Crum
MESSNER REEVES LLP
7250 N. 16th St., Suite 410
Phoenix, AZ 85020
(602) 457-5059
icrum@messner.com

Counsel for Plaintiffs

Counsel for Plaintiffs

SIGNED AND DATED this 15th day of December, 2025 at New York, New York.

COZEN O'CONNOR

By:    *s/ Jeffrey M. Monhait*
       Jeffrey M. Monhait

**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S SECOND AMENDED ANSWER TO COMPLAINT**