Isaac S. Crum #026510
CRUM IP, LLC
Telephone: (602) 888-3383
Email: isaac@crumip.com

Jeffrey J. Neuman (Admitted *Pro Hac Vice*)
JJN SOLUTIONS LAW, PLLC
9445 Brenner Ct.
Vienna, VA 22180
Telephone: (202) 549-5079
Email: jeff@jjnsolutions.com

Attorneys for Plaintiffs
Prime Loyalty, LLC, Crisby Studio AB, and Niklas Thorin

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Prime Loyalty, LLC a New York limited liability company, Crisby Studio AB, a Swedish limited liability company, and Niklas Thorin, a Swedish resident,

Plaintiffs,

v.

GoDaddy, Inc. a Delaware corporation, GoDaddy.com, LLC, a Delaware corporation, and 123-Reg Limited, a UK company,

Defendants.

Case No.: 2:24-cv-03359-JJT

**STIPULATION FOR DISMISSAL OF PLAINTIFF NIKLAS THORIN'S CLAIMS AGAINST DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs Prime Loyalty, LLC ("Prime"); Crisby Studio AB ("Crisby"); and Niklas Thorin ("Thorin," and collectively with Prime and Crisby, "Plaintiffs") and Defendants GoDaddy Inc. and GoDaddy.com, LLC (collectively, "Defendants," and together with Plaintiffs, the "Parties"), by and through their respective counsel, hereby stipulate and agree to the dismissal of Thorin's remaining claims in this litigation with prejudice. In support thereof, the Parties state as follows:

1. The Parties agree that Crisby, acting through Thorin as its representative, completed the transactions described in Paragraphs 31-33 of Plaintiffs' Complaint (Doc. 1) and that Thorin acted on behalf of Crisby rather than in his individual capacity. Plaintiffs state that discovery clarified the respective roles of Crisby and Thorin in those transactions and that, in light of that information, they are dismissing Thorin's remaining individual claims while continuing to pursue the claims of Crisby and Prime.

2. Accordingly, the Parties agree that Thorin's remaining claims in this litigation should be dismissed with prejudice. Specifically, Thorin's remaining claims in this litigation include his trespass to chattel (Count I), negligence (Count III), negligent misrepresentation (Count IV), tortious interference with prospective economic advantage (Count IX), and tortious interference with contract (Counts X - XI) claims against GoDaddy Inc. and his breach of contract (Counts VI - VII) and breach of the implied covenant of good faith and fair dealing (Count VIII) claims against GoDaddy.com, LLC.

3. Fed. R. Civ. P. 41(a)(1)(A)(ii) permits dismissal of all claims by or against a single party without a court order by a stipulation signed by all parties who have appeared. *See Pedrina v. Chun*, 987 F.2d 608 (9th Cir. 1993); *see also Weinstein v. 440 Corp.*, 146 F.4th 1046 (11th Cir. 2025). The Parties agree to proceed under Rule 41(a)(1)(A)(ii) to dismiss all of Thorin's remaining claims against Defendants.

4. The Parties do not request entry of a final judgment under Fed. R. Civ. P. 54(b). Entry of final judgment would not meaningfully change the scope of Thorin's continued participation in this action because Thorin is Crisby's principal.

5. Except for the dismissal with prejudice of Thorin's remaining individual claims against Defendants, this Stipulation does not dismiss, release, waive, or otherwise affect any claims or requests for relief asserted by Prime or Crisby against any Defendant, or any defenses to those claims. Nothing in this Stipulation expands or limits the preclusive effect otherwise provided by law of the dismissal of Thorin's claims.

6. Defendants reserve any right they may have under applicable law to seek attorneys' fees against Thorin, and Plaintiffs dispute that Defendants are entitled to any such award. This Stipulation does not itself waive any otherwise available request for attorneys' fees against Thorin or any objection or defense to such a request.

WHEREFORE, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and this Stipulation, Thorin hereby dismisses with prejudice his remaining claims against Defendants, including his trespass to chattel (Count I), negligence (Count III), negligent misrepresentation (Count IV), tortious interference with prospective economic advantage (Count IX), and tortious interference with contract (Counts X - XI) claims against GoDaddy Inc. and his breach of contract (Counts VI - VII) and breach of the implied covenant of good faith and fair dealing (Count VIII) claims against GoDaddy.com, LLC.

Dated: November 2, 2026

**COZEN O'CONNOR**
Jeffrey M. Monhait

By: *<u>/s/ Jeffrey M. Monhait</u>*
Jeffrey M. Monhait
Robert S. Clark (Admitted *Pro Hac Vice*)

Attorneys for Defendants
GoDaddy Inc. and GoDaddy.com, LLC

Dated: November 2, 2026

**JJN SOLUTIONS LAW, PLLC**
Jeffrey J. Neuman

By: */s/ Jeffrey J. Neuman*
Jeffrey J. Neuman (Admitted *Pro Hac Vice*)

**CRUM IP, LLC**
Isaac S. Crum

By: */s/ Isaac S. Crum*
Isaac S. Crum #026510

Attorneys for Plaintiffs Prime Loyalty, LLC, Crisby Studio AB, and Niklas Thorin

## CERTIFICATE OF SERVICE

I certify that on November 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following registered counsel:

Jeffrey M. Monhait
COZEN O'CONNOR
3WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
(215) 665-2084
jmonhait@cozen.com

Counsel for Defendants

Robert S. Clark
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2041
robertclark@cozen.com

Counsel for Defendants

SIGNED AND DATED this 2nd day of November 2026 at Vienna, Virginia.

**JJN SOLUTIONS LAW, PLLC**

By: *__/s/ Jeffrey J. Neuman__*
Jeffrey J. Neuman (Admitted Pro Hac Vice)